**Ramon E. VALADEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00137–CR.**

Court of Appeals of Texas, San Antonio.

May 19, 1982.

Rehearing Denied June 30, 1982.

---

Manuel P. Montez, San Antonio, Roger T. Trevino, Pearsall, for appellant.

Bill White, Dist. Atty., Keith F. Fahlberg, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C. J., and BUTTS and CLARK, JJ.

## OPINION

CLARK, Justice.

Appellant was tried for murder and convicted of the lesser included offense of involuntary manslaughter. The jury assessed punishment of three years' confinement. Appellant asserts in his sole ground of error that the trial court should have granted his motion to dismiss the indictment because of the State's failure to comply with the Speedy Trial Act, Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp.1980).

Appellant was arrested October 23, 1979. He was indicted 114 days later, on February 14, 1980. By letter dated February 14, 1980, the Clerk notified appellant and the State that appellant's arraignment was set for February 22, 1980. On February 21, 1980, appellant and his counsel signed and filed an instrument styled "Waiver of Arraignment." That instrument contained an express agreement that appellant would be arraigned at the time of trial, and that the cause would be set for trial on April 14, 1980. On February 22, 1980, the State filed a written announcement of ready.

On April 14, 1980, the State again announced ready for trial. Before being arraigned, appellant filed a motion to dismiss the indictment for noncompliance with the Speedy Trial Act. Appellant pointed out that the original arraignment date set by the court, February 22, 1980, was the 122nd day after his arrest, and that the State's earlier written announcement of ready was filed on the 121st day after his arrest.

Appellant urges that the trial court erred in overruling his motion to dismiss, inasmuch as the State was not ready for trial within 120 days after his arrest. See Tex. Code Crim.Pro.Ann. art. 32A.02, § 1(1) (Vernon Supp.1980). The trial court overruled the motion on the ground that a clerical error by the arraignment clerk caused appellant's arraignment to be set on the 122nd day after his arrest, rather than within 120 days, and constituted an "exceptional circumstance" under § 4(10) of the Act, excusing compliance.

■ The accused must make the first move to invoke the benefits of the Speedy Trial Act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). The State's written announcement of ready on the 122nd day after appellant's arrest was gratuitous, since appellant had not at that time invoked the provisions of the Act in his behalf. Indeed, the State's announcement of ready at that time was superfluous in light of the language contained in the Waiver of Arraignment executed and filed by appellant and his attorney on the 121st day after appellant's arrest:

> The undersigned attorney hereby enters appearance as attorney of record for defendant and agrees that the cause be set for trial at 9:00 A.M. on 4–14–80 in the courtroom of the _____ Judicial District Court of Bexar County, Texas.

■ The State argued to the trial court, in effect, that appellant's motion should be overruled because of appellant's failure to invoke his Speedy Trial Act rights at the outset. The prosecutor urged that there had been "no showing by this Defendant that they have moved for a Speedy Trial in this case at all. In fact, they themselves, the Court records have asked for an April 14th trial date." Appellant's counsel responded,

No, sir, that is not true. We agreed because that is what the setting they gave us. Generally as the Court knows that is how it operates. They give us a trial date and we come in and try the case. It is not up to us to request a setting. If I come in and request the Court or request the Clerk's office to give me a setting they would say you have to wait, you have to go through normal procedures to get a setting to try the case.

We have no hesitation in holding that appellant waived any right he may have had to a discharge under the Act by agreeing on the 121st day after his arrest, without invoking his rights under the Act, to a trial date well beyond the 120-day period within which the State may otherwise be required to show that it was ready for trial. Appellant first invoked the Act 54 days after the expiration of the 120-day statutory period, on the trial date he had expressly agreed to, whereupon the State announced and demonstrated that it was ready for trial.

An accused may waive his rights under the Speedy Trial Act, *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979), as appellant did in the case before us. We need not reach the correctness of the reason given by the trial court for overruling appellant's motion to dismiss, nor need we determine whether appellant succeeded in rebutting the State's testimony that it was ready for trial at all times since the date of appellant's indictment, because the motion should have been overruled in any event for the reason we have stated.

Appellant's ground of error is overruled, and the judgment of the trial court is affirmed.