Jesse Irlas ROCHA, Appellant,

v.

The STATE of Texas, Appellee.

No. 2-81-057-CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 18, 1981.

Roland H. Hill, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Tom Myers, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

Following a trial by jury, the appellant, Jesse Irlas Rocha, was found guilty of the offense of rape and was sentenced to serve seven years of imprisonment.

We affirm.

■ Appellant contends that his rights under the Texas Speedy Trial Act, V.A.C.

C.P. art. 32A.02 (Supp.1981), were violated. Section 3 of the Act expressly provides that the rights accorded by the Act are waived upon the failure of a defendant to move for discharge under the provisions of the Act prior to trial. There is nothing in the record showing that appellant made any motion prior to trial or at any other time in relation to the Act. It is for this reason that we overrule the appellant's first point of error.

These basic facts are relevant to the remaining points of error.

The injured party was allegedly forced to perform sexual acts upon two men neither of whom was her husband. She testified that she was threatened with a machete which was present in the appellant's car. The appellant and another man were subsequently indicted for the rape of the injured party. Appellant was tried separately from his co-defendant.

During the course of the appellant's trial a machete was introduced into evidence and referred to by the State in its closing remarks at the guilt/innocence stage. Also, the co-defendant, after having been called by the defense as an alibi witness, was cross-examined as to his having previously received probation on a burglary conviction. The State later recalled the co-defendant into the courtroom for identification by the injured party.

The appellant urges that the trial court erred in admitting the machete into evidence because the machete was not in any way connected with the appellant during the guilt/innocence phase of the trial.

■ Although the ground asserted at trial for the exclusion of the machete was a lack of connection between the appellant and the machete, it is also asserted by the appellant, in his brief, that there is no showing that the machete was legally obtained. This argument does not comport with the objection raised at trial and therefore is not presented for review. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978).

The injured party testified that the machete looked like the one she had seen the night she was raped. Further she testified that she was positive that it was the same one that she had seen that night because it had been held in front of her face.

■ We hold this identification to be sufficiently positive to form the basis of the admission of the machete into evidence. In view of the testimony any deficiency as to identification would go to the weight rather than the admissibility of the evidence. *Mullenix v. State*, 499 S.W.2d 330, 331 (Tex. Cr.App.1973). We overrule the second point of error.

During its closing argument the State responded to the remarks by the appellant's counsel which questioned the connection of the machete to the appellant by stating: "I think you can reasonably conclude from the evidence where the machete came from. It came from the same place that this halter top came from when they threw it down in the back seat of that car, ripped it off of her, caused that scratch underneath her left breast - - -"

Appellant's counsel objected on the grounds that this remark was a conclusion unsupported by the evidence. The objection was sustained and the jury was instructed to disregard the statement. A motion for a mistrial was overruled.

The appellant asserts that the trial court erred in refusing to declare a mistrial because the State argued an injury to the injured party with a machete.

■ It is our observation that the statement made by the prosecutor does not necessarily infer that the scratch was caused by the machete. The statement is certainly not so strong that it could not have been cured by the instruction to disregard. We hold that any injury occasioned by the statement was obviated by the trial court's instruction that the jury disregard the statement. *Ewalt v. State*, 363 S.W.2d 279 (Tex.Cr.App.1963). We overrule the fifth point of error.

The defense called the appellant's co-defendant to testify as an alibi witness. Afterwards the prosecuting attorney examined the witness on cross-examination and this exchange transpired:

"Q. Okay. And, of course, you're also the same Frederick Donnell Johnigan who was convicted of the offense of Burglary and placed on probation - - -

"MR. HILL: Well, now, Your Honor, we're going to object to counsel asking questions for the reason that it's improper.

"THE COURT: Overruled."

■ The appellant asserts that the trial court erred in permitting the State to prove up the witness' prior probation during cross-examination. We hold that the appellant's objection at trial was much too general to preserve error. *Miller v. State*, 566 S.W.2d 614 (Tex.Cr.App.1978). The fourth point of error is overruled.

■ The appellant's third point of error is that the trial court committed fundamental error in permitting the State to bring a co-defendant to the courtroom, in his prison uniform, from a holdover cell for identification by the injured party in the absence of the co-defendant's counsel. Thus, it is the appellant's contention only that the co-defendant's Sixth Amendment right to counsel was violated. Suffice it to say that the appellant has no standing to assert the Sixth Amendment rights of his co-defendant.

The judgment is affirmed.