**William Thomas SCOTT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 63293.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 16, 1982.

Rehearing Denied July 14, 1982.

---

Zollie C. Steakley, Sweetwater, for appellant.

Frank Ginzel, Dist. Atty., and Russell L. Carroll, Asst. Dist. Atty., Colorado City, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and CLINTON and TEAGUE, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sexual abuse of a child, where the punishment was assessed at six (6) years' imprisonment following a guilty verdict.

On appeal the appellant in his sole ground of error contends the court reversibly erred in overruling his motion to set aside the indictment since the State failed to comply with Article 32A.02, V.A.C.C.P. (Speedy Trial Act, effective July 1, 1978).

Article 32A.02, § 1(1), supra, provides:

"Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

"(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony."

The record reflects, mainly as a result of stipulations at the hearing on the motion to set aside the indictment, that (1) the appellant was originally indicted on June 8, 1978, and was incarcerated prior to July 1, 1978. The two count indictment charged rape and sexual abuse of a child. (2) The case was first set for trial on September 18, 1978, and such notice of setting indicated that if the case was not reached on such date the case would be passed to October 23, 1978. The case was not reached. (3) The appellant was reindicted on October 12, 1978. Another count of sexual abuse was added to the new indictment. It was stipulated all three counts grew out of the same incident or transaction and the two counts were the same as in the first indictment. It does not appear the first indictment was dismissed. (4) By letter dated October 27, 1978 the cases were set for trial on November 27, 1978. (5) On November 1, 1978, the appellant filed his motion to set aside the indictment by virtue of Article 32A.02, V.A.C.C.P., alleging that the State had not been ready to go to trial during the 120 day period from July 1, 1978. (6) On November 27, 1978, the cases were apparently postponed to November 29, 1978. On November 28, 1978, the appellant filed a motion for continuance because of the death of his court-appointed attorney's grandfather on November 27, 1978, and in order that the attorney might attend the funeral in Temple. The request was to "continue" the case for at least one week. The motion does not appear to have been acted upon, but the record reflects an apparent agreement not to call the case because of the funeral. (7) On January 10, 1979, the court heard the motion to set aside the indictment for lack of a speedy trial and overruled the same. (8) The trial on the merits commenced on February 5, 1979. For the first time the State announced ready for trial on that date.

Appellant acknowledges that even though his case was pending prior to July 1, 1978, the time limitations set forth in Article 32A.02, supra, only commenced to run on his case on July 1, 1978, the effective date of the Speedy Trial Act. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978); *Lopez v. State*, 628 S.W.2d 82 (Tex.Cr.App. 1982). He contends there is no support in the record to show that the State was ready within 120 days from July 1, 1978 and that he was entitled to have his motion filed on November 1, 1978 granted. He urges that although his counsel and the District Attorney first told the court the 120 days ran on November 27, 1978, and later changed it to November 1, 1978, that the correct date is October 28, 1978. None of these dates are correct.

In *Barbee v. State*, 432 S.W.2d 78 (Tex. Cr.App.1968), this court held that computation of times provided in the Code of Criminal Procedure was controlled by the provisions of Article 5429b–2, § 2.04(a), (b), V.A.

C.S. (Code Construction Act), which provides:

"(a) In computing a period of days, the first day is excluded and the last day is included.

"(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday."

Therefore, in computing the 120 days in this case, we must exclude July 1, 1978. The 120 days would have elapsed on October 29, 1978. Since that date was a Sunday, the 120 days would not have run against the State until Monday, October 30, 1978.

Therefore, we must look to see if the evidence shows the State was ready for trial between July 1 and October 30, 1978. Whether the State is "ready" refers to the preparedness of the prosecution for trial. See *Barfield v. State*, 586 S.W.2d 538 (Tex. Cr.App.1979). Prior to October 30, 1978, we find no announcement of ready, either oral or written in the record. On November 1, 1978, the appellant filed his motion to set aside and we do not find that the State announced its readiness then and at prior times.

A timely announcement of "ready" is a prima facie showing that the State is "ready for trial" as the statute requires, and such a prima facie showing may be made at the hearing on the motion to set aside an indictment by a declaration that it was ready and had been ready within the statutory time limit. *Barfield v. State*, supra. When this is done, the burden shifts to the defense to show otherwise. See *Callaway v. State*, 594 S.W.2d 440 (Tex.Cr.App. 1980); *Fraire v. State*, 588 S.W.2d 789 (Tex. Cr.App.1979); *Lopez v. State*, supra.

In the instant case when the appellant filed his motion to set aside the indictment on November 1, 1978, after the expiration of the 120 days, there was no counter by the State, by written instrument or otherwise, that it was ready and had been ready within the statutory time limit. At the hearing on the motion to set aside the indictment, the State still made no declaration of readiness. The only announcement of ready was at the commencement of the trial on the merits on February 5, 1979, and that announcement even did not include a declaration that it had been ready within the statutory time limit.

At the hearing on the motion to set aside the indictment, testimony was developed as to the trial court's busy schedule, the number of jury trials in various counties in the district, the civil docket, etc. However, as stated in *Barfield v. State*, supra, the Speedy Trial Act refers to the "preparedness of the prosecution for trial, and does not encompass the trial court and its docket."

Under the record presented, we have no other recourse than to reverse the cause for the failure of the court to set aside the indictment, with directions to set aside the indictment.