**Bobby Dale FINCH, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–81–074–CR.

Court of Appeals of Texas,
Fort Worth.

March 3, 1982.

Rehearing Denied March 31, 1982.

McMillan & Lewellen, P. C., and Martin L. Peterson, Stephenville, for appellant.

Wayne Hughes, Dist. Atty., Granbury, for State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

JORDAN, Justice.

Bobby Dale Finch was indicted on April 5, 1977, for the offense of murder alleged to have been committed by him on March 5, 1977. He was tried and convicted by jury on July 26, 1979, and his punishment assessed at life imprisonment in the Texas Department of Corrections.

We affirm.

The appeal is based on eight alleged grounds of error.

The evidence shows that on the night of March 5, 1977, appellant, who had spent the evening drinking at the "Ship's Wheel", a private club in Granbury, Texas, stabbed one Bill Estes from behind nine times, causing his death on the same evening. The deceased's heart, right aorta, and liver were all punctured by this attack.

The fact that the murder took place, as briefly outlined above, was never disputed, and appellant's defense at the time of trial in July of 1979 was insanity. Prior to that, on May 26, 1977, appellant was found incompetent to stand trial at that time by a

jury, and was committed by the Court to the Rusk Mental Facility for a period of 12 months. Following that, on July 12, 1978, appellant was again found incompetent to stand trial and was recommitted to Rusk for an indefinite period of time.

The record does not contain the court reporter's notes, or a statement of facts, of either the 1977 or 1978 competency hearing. There is a statement of facts concerning the 1979 competency hearing, held immediately prior to trial on July 26, 1979. This statement of facts shows that this hearing was held on June 11, 1979. There are, however, references in the briefs of the parties that indicate that it was actually held just before trial on the merits on July 26, 1979. At this time the appellant was found competent to stand trial.

In his first ground of error, appellant contends that because he was not tried until July of 1979, the Speedy Trial Act, V.A.C.C.P. art. 32A.02, was violated. He seems to base this contention on alleged errors in the second competency proceeding of July 13, 1978. He alleges failure on the part of the State to follow the statutory proceedings in determining his competency to stand trial, as well as errors in the Court's charge in that proceeding. The theory seems to be that since the July 13, 1978, competency hearing was tainted with illegality that that hearing and finding of the jury that appellant was incompetent to stand trial should be disregarded in calculating the time in which appellant should have been put to trial by the State.

Since there is no court reporter's notes or statement of facts of the competency hearing on July 12, 1978, nothing is presented in this court for review. It is impossible to tell whether there is any merit in appellant's contentions or not, since there is no record of the proceedings in question.

Moreover, the motion to dismiss, which urges, among other things, a violation of appellant's speedy trial rights, though filed, apparently, on the 11th day of June, 1979, was not presented to nor heard by the court until the day of the trial on the merits, July 26, 1979. At no time before this did appellant assert any violation of his rights under V.A.C.C.P. art. 32A.02. Section 3 of this article provides that the failure of a defendant to move for discharge under the provisions of this article prior to trial constitutes a waiver of the rights afforded by this article. We therefore hold that appellant has waived any contention that he was not timely tried within the provisions of the Speedy Trial Act.

Appellant's first ground of error is overruled.

Appellant's second ground of error is a very general and very broad assertion that the verdict of the jury, on the trial on the merits on July 26, 1979, that the appellant was sane at the time of the commission of the offense was against the overwhelming weight and preponderance of the evidence. Appellant does not favor us with any discussion or explanation of why he makes this assertion, or why or in what manner the finding was against the overwhelming weight of the evidence. This ground may be disposed of by stating that we have reviewed the record and find that there was ample evidence in support of the finding that defendant was sane at the time of the commission of the offense. It is true that Dr. Holbrook, a psychiatrist, testified that in his opinion, though appellant was competent to stand trial, he was, at the time of the commission of the offense, suffering from a mental disease or mental defect to the extent that he was insane, incapable of distinguishing right from wrong, at the time of the offense. However, there was testimony from several lay witnesses, who were in the "Ship's Wheel" on the night of this murder, who testified as to appellant's demeanor prior to and at the time of the murder. The testimony of the expert witness, Dr. Holbrook, of course, is not binding on the jury and the jury was free to, as it apparently did, conclude from the evidence as a whole that appellant was in fact sane at the time of the commission of the offense.

Appellant's second ground of error is overruled.

■ Appellant next contends, in ground of error number three, that the trial court should have held a competency hearing, during the trial on the merits, because Dr. Holbrook's testimony raised a reasonable doubt as to his competency to stand trial at that time. This contention is totally without merit, because Dr. Holbrook specifically testified, before and during trial on the merits, that appellant was competent to stand trial at that time, but that he was insane at the time of the commission of the offense. The defendant had had his third competency hearing just prior to the trial on the merits on July 26, 1979. The record is somewhat confusing as to the actual date of this hearing, as previously pointed out, because the statements of facts on such hearing indicates that it was held on June 11, 1979, but the briefs of both parties indicate it was held immediately prior to trial on July 26, 1979. Appellant's contention in this respect is somewhat frivolous.

The third ground of error is overruled.

■ The fourth ground of error urged by appellant is to the effect that the trial court erred in refusing to permit his counsel to properly determine the attitude of or bias of the jury with respect to the possible disposition of the defendant if he were found not guilty by reason of insanity. Again, appellant has failed to point out any where in this record, including his motion for new trial, or in his brief, where, how, or in what manner he was deprived of this right. Again, nothing is presented for review.

The fourth ground of error is overruled.

■ Appellant next contends, as ground of error number five, that the Court's charge failed to instruct the jury that the law of reasonable doubt extended to "each element of the offense". This ground is also without merit as it is clear from a reading of the charge as a whole that the full burden of proof beyond a reasonable doubt was placed on the State as to each element of the offense. The charge read, in pertinent parts, "the law of reasonable doubt extends to every phase of the case".

The charge was sufficient and no error is shown.

This ground of error is also overruled.

■ The sixth and eighth grounds of error complain of alleged improper jury argument on the part of the prosecutor. The sixth ground of error refers to a reference by the prosecutor in argument to the State's right to introduce felony convictions and misdemeanor convictions involving moral turpitude. The statement was also made that the prosecutor could not show the jury misdemeanor DWI convictions. Objection to this argument was overruled.

While we think that this argument was improper and that objection should have been sustained thereto, we are convinced from a reading of the record as a whole that reversible error is not shown. We think the error was harmless and that the argument was not so extreme or manifestly improper as to constitute reversible error. *Faulkner v. State*, 390 S.W.2d 754 (Tex.Cr. App.1965); *Debolt v. State*, 604 S.W.2d 164 (Tex.Cr.App.1980). Moreover, such argument referred and replied to a statement of appellant's attorney during his argument to the effect that the State had a right to bring the probation officers up there to show any violation, with respect to alcohol and other things, that appellant might have committed. It should also be noted that this argument occurred at the punishment phase of the trial.

In his eighth ground of error appellant complains of other instances of alleged improper jury argument. We find that these arguments were either not improper per se, and thus not harmful, or that they were in response to argument of appellant.

No error is shown in ground of error number eight.

■ In the seventh ground of error it is alleged that the trial court erred in admitting incompetent, irrelevant, and prejudicial evidence. Among other items of evidence objected to, appellant complained of the admission of certain photographs of the victim of the murder and of the death scene immediately after the stabbing on the night .

of March 5, 1977. These photographs, though graphic and unpleasant, accurately depicted the condition of the victim and of the scene right after the occurrence and were clearly admissible. *Stone v. State*, 574 S.W.2d 85 (Tex.Cr.App.1978).

Appellant raises other objections to certain questions asked by the State of various witnesses, but no error in the questions or answers given is shown. The objections to some of the questions were too broad and general, and hence insufficient; and the rest of the questions asked by the State, and objected to by appellant, were simply follow-up questions of matters gone into by appellant on his examination of the witnesses. We find no error in either the admission of the photographic evidence or of the questions referred to in appellant's seventh ground of error.

The seventh ground of error is therefore overruled.

The judgment is affirmed.