Bobby Dale FINCH, Appellant,

v.

The STATE of Texas, State.

No. 2–81–074–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 11, 1982.

Rehearing Denied Sept. 15, 1982.

McMillan & Lewellen and Gary Lewellen, Stephenville, for appellant.

Randolph Chandler, Dist. Atty., Granbury, for the State.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

JORDAN, Justice.

Reference *Finch v. State,* 629 S.W.2d 876 (Tex. Cr. App. 1982).

Bobby Dale Finch was convicted of the offense of murder by a jury on July 26, 1979, and his punishment assessed at life imprisonment in the Texas Department of Corrections. On original appeal to this court appellant urged eight separate grounds of error, all of which, for reasons disclosed in our original opinion, were overruled. By an opinion dated March 3, 1982, we affirmed appellant's conviction.

The Court of Criminal Appeals granted discretionary review of our opinion in this case and by an En Banc Per Curiam opinion delivered June 23, 1982, decreed that this court was in error in holding that two of appellant's eight grounds of error were not properly raised for consideration on appeal. More specifically, the Court of Criminal Appeals held, contrary to our ruling, that appellant's contention of denial of his right to a speedy trial under V.A.C.C.P. art. 32A.02 was timely raised in the trial court and that this ground of error should be considered and ruled on by this court. The court also held that appellant's contention that his right to a speedy trial under both the Texas and United States Constitutions, raised in his brief, and which was not discussed in our original opinion, should be considered and ruled on.

The Court of Criminal Appeals also held that appellant's fourth ground of error, complaining of limitation by the trial court of appellant's alleged right on voir dire examination to determine the attitude of the jurors with respect to the possible disposition of the appellant if he were found not guilty by reason of insanity, under V.A.C.P. art. 46.03, sec. 4, must be considered by this court. We had originally held that this ground of error was not properly raised on appeal because appellant had failed to point out where, how, or in what manner he had been deprived of such right.

In compliance with the directions of the Court of Criminal Appeals in its Per Curiam opinion (June 23, 1982), we proceed to discuss and decide these two grounds of error.

As reflected in our original opinion, appellant, although he was arrested on March 5, 1977 and not tried until July 26, 1979, was twice found incompetent to stand trial by two different juries, as a result of which he was confined to Rusk Mental Facility for all but 97 days of the time between March 5, 1977 and July 26, 1979. He was afforded a third competency hearing in July 1979, immediately before he was tried for the offense of murder, and at that time was found by a jury to be competent to stand trial.

Appellant was found incompetent to stand trial by a jury on May 26, 1977, and confined at Rusk for a little over a year, and was again found incompetent to stand trial by a jury on July 13, 1978. He was confined again at Rusk for another year, and in July of 1979 was found competent to stand trial.

It is appellant's contentions that his right to speedy trial under V.A.C.C.P. art. 32A.02 was denied primarily because of the State's failure to follow certain statutory proceedings under V.A.C.C.P. art. 46.02, particularly sections 2, 3, 4, 5, and 6, and because of errors in the court's charge at the July 1978 hearing.

■ Appellant theorizes that since the July 13, 1978 hearing was defective and invalid because of failure to follow certain statutory proceedings, and because of errors in the court's charge, that the year's confinement at Rusk because of this hearing cannot be counted against him insofar as his rights under the speedy trial act are concerned. There is no record of either the 1977 or 1978 incompetency hearings and,

accordingly, as pointed out in our original opinion, any error in these proceedings, as far as the hearing itself is concerned, is waived. It is impossible for us to determine if there were any procedural or substantive errors in either of these proceedings.

As far as we can tell, from the record before us (which does not include the July 13, 1978 competency hearing) and from the court's charge, there was no error in that proceeding, at which appellant was for the second time found incompetent to stand trial.

Appellant also complains of the court's charge at the July 13, 1978 competency hearing because it did not define the terms "mentally ill" and "mentally incompetent", and because the charge did not require the jury to find competency or incompetency "beyond any reasonable doubt" instead of from a preponderance of the evidence.

■ At the outset it is noted that at the hearing of July 13, 1978 (insofar as the record before us shows) appellant made no objections whatever to the court's charge. The objections to the charge discussed in his brief were not mentioned at any time until June 11, 1979 when he filed his motion to dismiss the cause on speedy trial grounds. Any error in the charge, if any there was, was waived. Moreover, we do not think there was error in the court's charge at the July 13, 1978 competency hearing. It was submitted correctly under V.A.C.C.P. art. 46.02, sec. 4. Even if the July, 1978 hearing was defective, dismissal of the indictment would not have been proper even if his complaints had been timely presented. It certainly is not a proper remedy at this time. Appellant could and should have presented any complaints regarding that hearing either at that time or at any time prior to the hearing on July 26, 1979, immediately preceding trial on the merits, when he was found competent to stand trial. The most relief appellant could have been entitled to would have been a new hearing. That relief was granted by his hearing on July 26, 1979.

■ With respect to appellant's contention that the trial court was wrong in instructing the jury that the burden of proof at the competency hearing was a preponderance of the evidence, we submit that this argument is fallacious and totally without merit. Article 46.02, sec. 1(b) says: "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a *preponderance of the evidence.*" The burden of proof on this issue was on appellant and it must be presumed he carried it, without objection, since the jury in fact found he was incompetent to stand trial.

■ We also hold that appellant's rights to a speedy trial under the 6th Amendment to the United States Constitution and article 1, sec. 10 of the Texas Constitution were not violated. The more than two year delay from arrest to trial in this case was caused by appellant's incompetency to stand trial and his confinement at Rusk Mental Facility. Delays encountered in bringing a defendant to trial who claims to be incompetent or who is temporarily incompetent ordinarily do not infringe on the constitutional right to a speedy trial. *Grayless v. State,* 567 S.W.2d 216 (Tex. Cr. App. 1978); *United States v. Mills,* 434 F.2d 266 (8th Cir. 1970); *Hodges v. United States,* 408 F.2d 543 (8th Cir. 1969); *United States v. Davis,* 365 F.2d 251 (6th Cir. 1966).

■ Appellant's fourth point of error complains of the refusal of the trial court on voir dire examination to permit counsel for appellant to inquire of the panel about any attitudes, bias or prejudice which might exist with respect to the possible disposition of the defendant if he were found not guilty by reason of insanity. This argument is based on V.A.C.C.P. art. 46.03, sec. 4. which provides generally that if a defendant is found not guilty by reason of insanity in the trial of a criminal offense, the court, if it determines that there is evidence to support the findings that the defendant is either mentally ill or is a mentally retarded person, shall transfer the defendant to the appropriate civil court for civil commitment proceedings. Appellant's

argument on this ground of error is very general and very brief, as well as totally without merit. The provisions of art. 46.03, sec. 4 had nothing whatever to do with the issue before the jury at the trial on the merits, where the defense was insanity. It was totally irrelevant and if admitted would have been an erroneous injection of irrelevant and new matter which had nothing to do with appellant's insanity at the time of commission of the offense. Such an inquiry, if permitted by the court, could have permitted appellant to qualify jurors on matters other than the evidence submitted under rulings of the court. This would have been highly improper.

Appellant's first and fourth grounds of error are overruled.

Judgment is affirmed.