Ramon E. VALADEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 663–82.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Manuel P. Montez, San Antonio, Roger T. Trevino, Pearsall, for appellant.

Bill M. White, Dist. Atty., Raymond C. Angelini, Ben F. Steinhauser, Edwin E. Springer and Keith F. Fahlberg, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Appellant was convicted of the offense of involuntary manslaughter and punishment was assessed at imprisonment for three years. The Court of Appeals affirmed after overruling appellant's contention, raised in his sole ground of error, that the trial court erred in failing to grant his motion to dismiss the indictment because of the State's failure to comply with the Speedy Trial Act, Article 32A.02, V.A.C.C.P. *Valadez v. State,* 635 S.W.2d 193 (Tex.App.— San Antonio, 1982).

■ The Court of Appeals erred in holding that appellant "waived any right he may have had to a discharge under the Act by agreeing on the 121st day after his arrest, without invoking his rights under the Act, to a trial date well beyond the 120 day period within which the State may otherwise be required to show that it was ready for trial." The Speedy Trial Act is concerned with the preparedness of the prosecution for trial. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). If it is shown that the State was prepared for trial within the specified time period, the Act has been satisfied even if the trial does not take place within that time period. On the other hand, if it is shown that the State was not prepared for trial within the specified time period, the accused is entitled to a dismissal of the indictment provided that the motion to dismiss is made prior to trial. It is not necessary for the accused to file the motion to dismiss prior to expiration of the 120 day or other applicable time period. Delay by agreement or other justifiable cause under Sec. 4 of the Act *after* accrual of the right to dismissal by expiration of the applicable time period does not constitute a waiver or otherwise breathe new life into the prosecution. We hold that appellant did not waive his rights under the Speedy Trial Act. See Article 32A.02, Sec. 3, V.A.C.C.P.; *Barfield v. State,* supra; *Scott v. State,* 634 S.W.2d 853 (Tex.Cr.App. 1982).

Appellant's petition for discretionary review is granted, and the cause is remanded to the Court of Appeals for consideration of the merits of appellant's ground of error. This cause shall not be returned to this Court unless an order granting review or another petition for discretionary review is filed.