**Julia Munoz MONTEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68441.**

Court of Criminal Appeals of Texas,
En Banc.

July 13, 1983.

Tomas Garza, Lubbock, for appellant.

Ron Felty, County Atty., Plainview, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for the offense of transporting an alcoholic beverage in a dry area; the punishment is incarceration in the county jail for 30 days and a fine of $500. Probation was granted.

Appellant asserts the trial court erred in refusing to dismiss the information on grounds she was denied a speedy trial, and claims other errors as well. We need address only that assertion.

Appellant says the court erred in overruling her motion to dismiss the information because of a failure to comply with the Speedy Trial Act. Appellant was arrested on June 21, 1980; the trial was on January 14, 1981; more than 90 days had elapsed. The statement of facts begins with the following announcement by the court:

> "Ladies and gentlemen of the Jury, we have some *pretrial* arguments that the Court is going to have to *hear and rule on* before we begin our testimony in this case.   * * * " [1]

Ascertaining that the judge had the motion then in hand counsel for appellant presented her motion to dismiss. Only after both appellant and prosecutor had been heard on its merits did the court deny the motion.

■ In a criminal action in which the accused is charged with a misdemeanor such as in the instant case the State must be ready within ninety days of commencement of action—here, arrest of appellant. Article 32A.02, § 1(2), V.A.C.C.P. Not only does the record fail to show that the State announced ready during that ninety day period, but at the hearing it did not claim to have been ready before September 24, 1980,

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

the first trial date set by the court. By then, of course, ninety days from arrest had elapsed.[2] Therefore, the trial court erred in overruling appellant's motion to dismiss. *Jordan v. State,* 639 S.W.2d 477, 478 (Tex. Cr.App.1982); *Pate v. State,* 592 S.W.2d 620, 621 (Tex.Cr.App.1980).

The judgment is reversed and the prosecution is dismissed.

2. In her brief appellant represents that on or about August 23, 1980 she filed a motion to quash the original information and that on the day before the September trial setting she succeeded in persuading the county attorney of its merit. Accordingly, on September 23 a new complaint and information were prepared and executed, and each bears a September 25, 1980 file mark. As both parties agreed at the hearing, those developments accounted for the alleged offense not being tried September 24.

Since appellant had been released on bail the day of her arrest to answer for the offense, the criminal action still commenced June 21, 1980, under Article 32A.02, § 2(c), V.A.C.C.P. In short, the ninety day period expired even before the superceding information was filed. Thus, whatever cause for subsequent delay does not "breathe new life into the prosecution," *Valadez v. State,* 639 S.W.2d 941, 942 (Tex.Cr.App.1982).