678 S.W.2d 143 (1984)
Lernard DeVAUGHN, Appellant,
v.
The STATE of Texas, Appellee.
No. 04-83-00094-CR.
Court of Appeals of Texas, San Antonio.
August 15, 1984.
Rehearing Denied September 12, 1984.
*145 Mark Stevens, San Antonio, for appellant.
Sam Millsap, Jr., Dist. Atty., Edwin E. Springer, Edward Coffey, Edward F. Shaughnessy, III, Asst. Criminal Dist. Attys., San Antonio, for appellee.
Before CADENA, C.J., and CANTU and TIJERINA, JJ.

OPINION
CANTU, Justice.
Appellant seeks review of his conviction for the first degree felony offense of burglary of a habitation. TEX.PENAL CODE ANN. § 30.02(a)(3) (Vernon 1974).
Trial was to a jury and punishment was assessed by the trial court at ten (10) years' confinement in the Texas Department of Corrections.
Appellant challenges trial court rulings refusing to grant motions to dismiss for failure to afford a speedy trial and to quash the indictment. The sufficiency of the evidence is not challenged.
Appellant, eighteen years old at the time of the offense, was arrested by Live Oak police officers on August 9, 1982 for a burglary which forms the basis of the instant conviction. A confession[1] was obtained by the arresting officers; however, appellant, rather than being booked, was released to his parents.
On October 20, 1982, the Bexar County Grand Jury returned an indictment and a capias warrant issued. On October 26, 1982, the State filed an announcement of ready for trial containing the rubber stamped signature of an assistant criminal district attorney. Appellant was rearrested as a post-indictment fugitive on November 9, 1982.
On November 22, 1982 while appellant remained incarcerated, counsel was appointed by the trial court to represent him.
On December 13, 1982, appellant appeared before the trial court, waived pretrial arraignment, filed a motion seeking the appointment of an investigator, filed discovery and suppression motions and sought a continuance of the case for 60 days and until such time as the investigation of the case was completed and pre-trial motions disposed of.
In addition to the filing of the aforesaid motions, appellant in open court and with approval of the State's attorney, his defense attorney and the trial court, agreed in writing:
... that in computing the time by which the State must be ready for trial under Art. 32A.02, C.C.P., a period of 60 days should be excluded.
Acknowledged and agreed:
... that the State of Texas through its District Attorney, Bexar County, announced ready for trial on December 13, 1982 ...
... that the defendant waives all of his rights to a speedy trial afforded by the Constitutions of Texas and the United States ...
... that the defendant waives his right to move for discharge under the provisions of Article 32A.02, Texas C.C.P....
In accordance with appellant's request, the cause was continued for the time requested and reset for trial on February 14, 1983.
On February 11, 1983, appellant filed his motion to quash indictment and on February 14, 1983, the case being called for trial, *146 hearings were had on pending motions to suppress and motions to quash.
Numerous other trial motions including a motion to dismiss for failure to afford a speedy trial were filed on the day of trial, February 15, 1983.
The trial court did not conduct a hearing on appellant's 32A.02 motion until February 18, 1983, after the jury had returned its guilty verdict but before the punishment phase began.
At the commencement of the hearing, the trial court acknowledged that appellant "wanted a hearing [on his speedy trial motion] before the trial, and I kept putting him off ..."
The State argues that appellant's motion was not timely filed under the Speedy Trial Act because it was filed on the day of trial. Numerous cases have commented on an accused's failure to file his motion prior to the date of trial. See Jumper v. State, 636 S.W.2d 502 (Tex.App.Fort Worth 1982, no pet.); Maddox v. State, 635 S.W.2d 456 (Tex.App.Fort Worth 1982, no pet.); Kennedy v. State, 630 S.W.2d 509 (Tex. App.Fort Worth 1982, no pet.); Finch v. State, 629 S.W.2d 876 (Tex.App.Fort Worth), pet. granted, 643 S.W.2d 414, 415, on remand, 638 S.W.2d 215, pet. dism'd, 643 S.W.2d 415, 416 (1982); Leal v. State, 626 S.W.2d 866 (Tex.App.Corpus Christi 1981, no pet.); Rocha v. State, 624 S.W.2d 789 (Tex.App.Fort Worth 1981, no pet.). However, in each of those cases, we believe the controlling factor to be a failure to PRESENT the motion to the trial court for a ruling prior to announcing ready for trial and actually entering his plea.
The State relies on TEX.CODE CRIM. PROC.ANN. art. 32A.02, § 3 (Vernon Supp.1984) which provides:
The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article.
See Humphrey v. State, 646 S.W.2d 949, 950 (Tex.Crim.App.1983); Rocha v. State, 624 S.W.2d at 790.
The instant case is more akin to Finch v. State, 643 S.W.2d at 415 (See lower court opinions at 629 S.W.2d 876, on remand, 638 S.W.2d 215).
The trial court's actions and comments support a conclusion that the motion was timely presented for consideration and that total fault in not ruling on it prior to commencing the trial was the trial court's. We hold that appellant preserved his speedy trial issue for review. Finch v. State, 643 S.W.2d at 415.
Appellant argues that the evidence adduced at the hearing effectively discredited the State's announcement of ready filed on October 26, 1982. We need not, however, decide whether appellant is correct in such assertion because the record indicates, independent of the hearing proof, that the State's announcement of ready on October 26, 1982 was rebutted.
Appellant was a post-indictment fugitive at the time the State filed its announcement and, therefore, the State did not and could not have secured his presence for trial until November 9, 1982, the date of his arrest.
In Newton v. State, 641 S.W.2d 530, 530 (Tex.Crim.App.1982), the Court held that the accused's absence at the time of the State's announcement of ready conclusively rebuts the prima facie showing of readiness made by the State. In doing so, the Court recognized that a contrary holding would in effect, emasculate much of the legislative intent evidenced by the statutory exclusions in TEX.CODE CRIM.PROC. ANN. art. 32A.02, § 4 (Vernon Supp.1984).
While the State may have been ready for trial from an evidentiary standpoint, it could not have been ready for trial, under Article 32A.02 without the presence of the appellant. See Stokes v. State, 666 S.W.2d 493, 494 (Tex.Crim.App.1983); Newton v. State, supra at 531; see also Lyles v. State, 636 S.W.2d 268, 271 (Tex.App.El Paso 1982), aff'd, 653 S.W.2d 775 (Tex. Crim.App.1983).
For purposes of the Act, a criminal action commenced when the appellant was *147 first arrested. Lee v. State, 641 S.W.2d 533, 535 (Tex.Crim.App.1982).
The burden is on the defendant to make the first move by filing a motion to dismiss under the Speedy Trial Act and his failure to do so constitutes a waiver.
Upon a showing that the State is not ready for trial within the time allowed by the statute, the burden shifts back to the State to prove there were excludable periods of delay that would extend the initial time limitation. Phipps v. State, 630 S.W.2d 942, 947 (Tex.Crim.App.1982).
Once a defendant files his motion to dismiss for failure to adhere to the provisions of the Speedy Trial Act the State must declare its readiness for trial then and at the times required by the Act. Barfield v. State, 586 S.W.2d 538, 542 (Tex. Crim.App.1979). A declaration by the State of its readiness for trial is a prima facie showing of conformity to the Speedy Trial Act that can be rebutted by evidence submitted by a defendant demonstrating that the State was not ready for trial during the Act's time limits. Phipps v. State, 630 S.W.2d at 947.
There is nothing in the record that tends to raise excludable periods of delay. See TEX.CODE CRIM.PROC.ANN. art. 32A.02 § 4(4)(A), § (4)(B), § (5), § (9) (Vernon Supp.1984). There remains, however, the motion for continuance and the instrument containing the various waivers approved by the trial court.
From August 9, 1982 to December 13, 1982, the date acknowledged by appellant that the State was ready, is 126 days. The appellant did not, however, acknowledge that the State had been ready at all times during the period covered by the Act.[2] The State may, therefore, not rely upon the announcement of ready made on December 13, 1982. See Lee v. State, 641 S.W.2d at 535; Scott v. State, 634 S.W.2d 853, 855 (Tex.Crim.App.1982). It need not, however, do so.
Appellant's motion to dismiss was not filed until the 191st day following his initial arrest. However, it is not necessary for the accused to file the motion prior to expiration of the 120th day or other applicable period. Valadez v. State, 639 S.W.2d 941, 942 (Tex.Crim.App.1982). The motion for continuance filed after the expiration of 120 days did not constitute a waiver or otherwise breathe new life into the prosecution. Id.
There remains the question of the waivers executed by appellant and approved by the trial court. Appellant contends that these waivers applied prospectively only and did not affect his Speedy Trial Act rights which had accrued as of that date. He asks this Court to treat the waivers like the continuances in Valadez and in Scott. He attempts to distinguish Durrough v. State, 620 S.W.2d 134 (Tex.Crim.App.1981) because the waivers in that case were executed during the 120 day period. We are not persuaded that the facts in the instant case call for a result different from Durrough.
TEX.CODE CRIM.PROC.ANN. art. 1.14 (Vernon 1977) provides:
The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case.
Waiver may be defined as an intentional relinquishment or abandonment of a known right or privilege. Robles v. State, 577 S.W.2d 699, 703 (Tex.Crim.App. 1979). A waiver will not be lightly inferred and courts will indulge every reasonable presumption against waiver of fundamental constitutional rights. Id.
The rights accorded by the Speedy Trial Act are, however, statutory and are separate and cumulative of an accused's *148 constitutional right to a speedy trial. See Ostoja v. State, 631 S.W.2d 165, 167 (Tex. Crim.App.1982).
There is no contention made on appeal, nor was one raised at the Speedy Trial hearing, that the waivers executed by appellant were not intentional or knowingly made.
Under the terms of Article 32A.02, section 3, an accused may waive the rights afforded under the statute through inaction, Rocha v. State, 624 S.W.2d at 790, or expressly by the entry of a guilty plea. Lawrence v. State, 626 S.W.2d 56, n. 1 (Tex.Crim.App.1981).
We see no reason why these rights may not also be waived expressly even without the entry of a guilty plea. See Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
We hold that by express waiver, appellant waived the right he now claims.
At the time of the execution of the waivers, 126 days had elapsed since his original detention and appellant could have invoked his right to dismissal under the Speedy Trial Act. Instead, appellant elected to intentionally relinquish a known right.
There is no indication in the record nor does appellant assert that the waivers were coerced in order to obtain a continuance. To the contrary, the waivers reflect that appellant was in no hurry to be tried and was willing to forego even his constitutional right to a speedy trial in order to postpone trial.
The waivers appear regular on their face, no complaint of their regularity is urged, and there appears nothing in the record to diminish their regularity. In the absence of some affirmative showing in the record that a transgression of a statutory command occurred at the trial level, a presumption of regularity is indulged on appeal. See TEX.CODE CRIM.PROC.ANN. art. 44.24 (Vernon Supp.1984); McCloud v. State, 527 S.W.2d 885, 887 (Tex.Crim.App. 1975).
Appellant's first ground of error is overruled.
In his second ground of error, appellant asserts: "the trial court erred by failing to sustain Paragraph III of Appellant's Motion to Quash the Indictment."
The indictment alleged, in pertinent part:
... on or about the 7TH day of AUGUST, A.D., 1982, LERNARD DeVAUGHN did then and there intentionally and knowingly enter a habitation which is located in the general vicinity of the 7400 block of HIDDEN OAK, LIVE OAK, Bexar County, Texas, AND THEREIN ATTEMPTED TO COMMIT AND COMMITTED THEFT, without the effective consent of JOYCE ERNEST, the owner of said habitation; [Emphasis added] ...
Paragraph III of Appellant's Motion to Quash states:
The Defendant takes exception to the Indictment in this cause in that the document fails to allege and therefore fails to inform the Defendant as to the elements of Theft and Attempted Theft in that there is no allegation of:
(a) The property which was stolen or attempted to be stolen.
(c) [sic] The owner of the stolen property or the property which was attempted to be stolen.
(d) That the said property was taken without the effective consent of the owner of the property.
(e) The manner in which such consent was not effective as to the owner of the property.
(f) That such property was appropriated by the Defendant with the intent to deprive the owner of such property.
(g) The value of the property which was stolen or attempted to be stolen.
(h) That the same was committed with a culpable mental state.
Therefore the State has wholly failed to place the Defendant on notice by informing the Defendant in the Indictment *149 through which of the above acts they intend to prove his criminal acts.
We are constrained to agree with appellant, that certain factual elaborations sought by his motion to quash were information to which he was entitled upon his timely written requests therefor. Kass v. State, 642 S.W.2d 463, 464 (Tex.Crim.App. 1981).
It is firmly established that a properly asserted exception to a charging instrument on the ground of inadequate notice, requires the trial court's, as well as our, consideration of the allegations contained therein from the perspective of the accused. Id. at 465; King v. State, 594 S.W.2d 425, 426 (Tex.Crim.App.1980); Cruise v. State, 587 S.W.2d 403, 404 (Tex. Crim.App.1979); and Drumm v. State, 560 S.W.2d 944, 946 (Tex.Crim.App.1977). Viewed in this light, should the court find that the accused is forced to "guess" as to the specific charge about which he complains, the very circumstances are presented under which his exception must be sustained. Kass, 642 S.W.2d at 465.
Moreover, it is axiomatic that a timely filed motion to quash entitles a defendant to the allegation of facts sufficient to bar a subsequent prosecution for the same offense. Miller v. State, 647 S.W.2d 266, 267 (Tex.Crim.App.1983); American Plant Food Corporation v. State, 508 S.W.2d 598, 603 (Tex.Crim.App.1974), appeal dismissed, 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795 (1975).
The issue here is not whether the indictment in the case at bar is defective on its face, but whether it can withstand attack by a motion to quash for failure to give adequate notice on which to prepare a defense. An indictment will not be held to be fatally defective because it fails to describe the property taken or attempted to be taken, by the accused after the alleged burglarious entry. Cf. Traylor v. State, 561 S.W.2d 492, 495 (Tex.Crim.App.1978); See also earlier Penal Code interpretations, Samora v. State, 474 S.W.2d 242, 242 (Tex. Crim.App.1971); Stephens v. State, 69 Tex. Cr.R. 379, 154 S.W. 1001, 1001 (1913); Davis v. State, 23 S.W. 687, 688 (Tex.Crim. App.1893); Summers v. State, 9 Tex.App. 396, 398 (1880).
We hold, however, that when a timely motion to quash has been filed, appellant is entitled to notice as to which property was allegedly taken or attempted to be taken during such burglary. See generally, Ex parte Munoz, 657 S.W.2d 105 (Tex.Crim.App.1983); Harris v. State, 587 S.W.2d 429, 430 (Tex.Crim.App.1979). Moreover, if there is a timely request, appellant is entitled to be given the name of the individual from whom he appropriated or attempted to appropriate the property. See generally, Hughes v. State, 561 S.W.2d 8, 10 (Tex.Crim.App.1978). The other items appellant suggests should be included in the indictment we think are not matters of adequate notice and would not assist him as a bar to a subsequent prosecution for the same offense.
In Ortega v. State, 668 S.W.2d 701 (Tex. Crim.App.1983), the Court of Criminal Appeals was faced with an indictment alleging that appellant:
... intentionally and knowingly with intent to fraudulently obtain property and services from Ninfa Escobedo, did use and present a credit card, a Sears, Roebuck & Co., card Number 57 85272 08504 5, with knowledge that the card had not been issued to [him], the said Mike Ortega ... and that said card was not used with the effective consent of the cardholder, Ms. Marcella Landez.
The Ortega court was faced with the issue of whether the trial court erred in overruling appellant's written motion to quash the indictment. Appellant's motion alleged in part that the charging instrument failed "to distinguish what he is alleged to have fraudulently obtained."
The Court of Criminal Appeals held that the Corpus Christi Court of Appeals correctly rejected appellant's contention. The Ortega court reasoned:
In rejecting this contention, the court of appeals correctly observed that `obtaining' *150 property is not an essential element of the offense proscribed by V.T. C.A. Penal Code § 32.31(b)(1)(A), under which appellant was prosecuted. But the court of appeals thenwithout adverting to what the questioned indictment actually allegedsimply stated:
`We fail to see how a description of the property obtained by the defendant is essential to giving him notice of the crime charged.'
Whether this statement by the court of appeals is correct depends wholly upon what was alleged in the indictment; if the indictment alleged appellant actually `obtained' property, then Article 21.09, V.A.C.C.P. requires identification of that property by `name, kind, number and ownership,' if known, but if the indictment merely alleged the accompanying mental state required by the relevant proscription the `intent' to obtain propertythen the information sought by appellant is not essential to notifying him of what the State claims were his culpable `acts' or `omissions.'
We accordingly turn to the indictment under which appellant was prosecuted;...
Since it was alleged that appellant did an act accompanied by an `intent to obtain property' and not that he in fact did `obtain property,' the trial court correctly overruled his exception to the indictment on the ground discussed. [Emphasis added] [footnotes omitted].
Id. at 702-703.[3]
See also King v. State, supra. In King, the indictment alleged a murder during the course of a kidnapping, aggravated rape and robbery. The defendant filed a motion to quash the indictment on the basis that it failed to allege the name of the intended victim of the kidnapping, aggravated rape and robbery. The King court found the trial court erred in overruling the motion to quash and held:
It is clear that when criminal conduct, constituting an aggravated feature of an offense may be directed at a person other than the ultimate victim of the crime alleged, the specification of that person is a fact to which the accused is entitled should he request it by timely filed written motion to quash. Cf. Granviel v. State [552 S.W.2d 107 (Tex.Cr.App. 1976)], supra; Goss v. State [580 S.W.2d 587 (Tex.Cr.App.1979)], supra; see also Vaughn v. State, 530 S.W.2d 558 (Tex. Cr.App.1975).
The State argues that because we have held that it is unnecessary to allege the elements of the aggravating offense committed or attempted during the course of which the capital murder occurs, it follows that it is unnecessary to name the intended victim thereof, citing Hammett v. State, 578 S.W.2d 699 (Tex. Cr.App.1979) and Smith v. State, 540 S.W.2d 693 (Tex.Cr.App.1976). It is true that these cases stand for the proposition that allegation of the constituent elements of the offense constituting the aggravating feature of a capital murder charge is unnecessary; however, the name of the person at whom the aggravating conduct is directed is not an essential element in such a context, but rather, a fact which is crucial to the accused's preparation of his defense to the main charge of capital murder.
* * * * * *
By virtue of the State's additional allegation of aggravated rape, it was necessary that evidence of an attempted commission or commission of that conduct be presented by the State in order to meet its burden of proof. Indeed, such evidence was in fact adduced at *151 trial through the testimony of the aggravated rape victim. As such, the name of the aggravated rape victim was clearly a fact which was critical to appellant's defense preparation, and he was entitled to the benefit of that fact upon his timely request therefor. See Cruise [v. State, 587 S.W.2d 403 (Tex.Cr.App.1979)], supra. Furthermore, the allegation of such fact was required to precisely distinguish the conduct alleged from other conduct by the accused, and thereby insure a bar to a subsequent prosecution for the same offense. Article 21.04, V.A. C.C.P.
King at 426-27.
See also Silguero v. State, 608 S.W.2d 619 (Tex.Crim.App.1980) and Brasfield v. State, 600 S.W.2d 288 (Tex.Crim.App.1980).
In the instant case, had the State alleged a burglarious entry with an intended theft as opposed to a completed one or an attempted one, a property description would be unnecessary.[4]
We hold that appellant's motion to quash in the instant case entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. King, 594 S.W.2d at 427. This being the case, the trial court committed reversible error in refusing to quash the indictment and to require a more particularized pleading such as disclosed the required requested facts to appellant. The judgment of the trial court is reversed and the cause is remanded.
CADENA, Chief Justice, concurring.
I concur in the result. I would base the rejection of appellant's "speedy trial" contentions solely on the ground that he waived his rights under the Speedy Trial Act.
TIJERINA, Justice, dissenting.
I agree with the majority that appellant's motion to dismiss was timely filed. See Noel v. State, No. TC-84-11-043 (Tex.Crim. App.March 14, 1984) (not yet reported). I further agree that the State's announcement of ready on October 26, 1982 was effectively rebutted. See Newton v. State, 641 S.W.2d 530, 531 (Tex.Crim.App.1982).
I, however, respectfully dissent from the majority's determination that appellant waived his right to a speedy trial by virtue of the alleged waiver form executed December 13, 1982.
In Texas, the right to a speedy trial is guaranteed both constitutionally and statutorily. See U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX.CODE CRIM. PROC.ANN. art. 32A.01 (Vernon Supp. 1984). Every reasonable presumption against the waiver of such a right must be indulged by the court. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed.2d 1461, 1466 (1938). The record reflects that the action against appellant commenced on August 9 or 10, 1982. The record further reflects that on December 13, 1982, at least 125 days after commencement of this criminal action, appellant signed a document waiving his right to a speedy trial and acknowledging that the State announced ready on that date. The right of the State to prosecute expired with the passage of 120 days in which the State was not ready for trial. The document which appellant signed after his right to dismissal had accrued does not revive the State's ability to prosecute appellant. See Valadez v. State, 639 S.W.2d 941, 942 (Tex.Crim.App.1982). Thus, appellant's waiver of his right to a speedy trial was ineffective.
*152 In its sound discretion, the trial court permitted appellant to file his motion to dismiss, in effect ruling that he was entitled to a hearing on the motion and that the instrument filed by appellant was not a valid waiver. The record does not reflect that the State contested either the filing of the motion or the hearing by introduction of the alleged waiver. Accordingly, I would reverse the judgment and discharge appellant. See Greene v. Massey, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15, 21 (1978).

ON APPELLANT'S MOTION FOR REHEARING
CANTU, Justice.
Appellant forcefully urges reconsideration of our treatment of his speedy trial contention. We have again given attention to Valadez v. State, 639 S.W.2d 941 (Tex. Crim.App.1982) upon which appellant places primary reliance and remain convinced that Valadez is not dispositive of the issue before this court.
Appellant correctly points out that Lawrence v. State, 626 S.W.2d 56 (Tex.Crim. App.1981) is no longer authority for the proposition that a guilty plea waives the right to dismissal under the Speedy Trial Act. See Martin v. State, 652 S.W.2d 777 (Tex.Crim.App.1983).
Our disposition was not, however, premised upon the proposition announced in Lawrence inasmuch as the waiver addressed therein was more akin to a forfeiture of a right to review incident to a plea of guilty. The case before us does not involve a waiver arising from a forfeiture but rather from an express waiver following the intentional relinquishment of a known right.
Appellant's motion for rehearing is overruled.
TIJERINA, J., dissenting without opinion.
NOTES
[1] The confession was ruled inadmissible by the trial court at a pre-trial suppression hearing.
[2] This is probably so because in executing his waivers appellant did not intend to further contest the State's readiness. By announcing not ready, without a pending motion to dismiss on file, appellant now seeks to avoid the waiver that would surely have occurred under Sec. 3 of the Act had the case gone to trial on December 13, 1982.
[3] TEX.PENAL CODE ANN. § 32.31 (Vernon 1974) provides, in part:

"(b) A person commits an offense if:
(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:
(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; ..."
[4] TEX.PENAL CODE ANN. § 30.02 (Vernon 1974) provides in part:

(a) A person commits an offense if, without the effective consent of the owner, he:
(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or
* * * * * *
(3) enters a building or habitation and commits or attempts to commit a felony or theft.