Tony Weldon **GILLIAM**, Appellant,

v.

**STATE of Texas, Appellee.**

**No. 11–87–048–CR.**

Court of Appeals of Texas, Eastland.

Feb. 18, 1988.

viously convicted of two prior felonies, which were alleged to enhance punishment, the jury assessed appellant's punishment at confinement in the Texas Department of Corrections for a term of 50 years. The record reflects that appellant and a juvenile, without the consent of the owner, entered a boathouse and took various items of personal property from the boathouse. We affirm the conviction.

TEX.PENAL CODE ANN. sec. 30.-01(2) (Vernon 1974) defines a "building" as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." Appellant contends that the evidence is insufficient to show that the boathouse was a "building" as defined under the burglary statute. We disagree.

The boathouse is used to store the owner's boat and other personal property. It is constructed of two-inch pipe, and it floats on styrofoam barrels. The sides and roof are covered with corrugated fiberglass. Aluminum garage doors that push up are located on each end of the structure.

A walkway extends from the shore to the boathouse. One of the garage doors secures the entrance from the walkway to the boathouse. This door is locked with a padlock. The second garage door secures the opening from the boathouse to the lake. This second door is locked from the inside by placing a pair of vise grips on the channel so the door cannot be raised. This second door comes within approximately 14 inches of the surface of the lake and is used when the boat is moved in and out of the boathouse. The boathouse was built this way so the water would not continually pound against the door.

There is a walkway inside the boathouse. There are only three ways to enter the boathouse: through the padlocked door from the walkway; through the second locked door from the lake; or by swimming either under the second garage door that does not touch the water or under the styrofoam barrels which extend approximately 18 inches under the surface of the

Frank W. Conard, II, Sweetwater, for appellant.

Norman Arnett, Dist. Atty., Sweetwater, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury found appellant guilty of burglary. After finding that he had been pre-

water. The juvenile testified that he and the appellant swam under the garage door.

The thrust of appellant's argument is that since it had no floor, the boathouse is not a building under Section 30.01(2). We disagree.

The case of *Day v. State*, 534 S.W.2d 681 (Tex.Cr.App.1976), cited by appellant, is clearly distinguishable. There, the court observed that the structure was built of concrete blocks with three doorways large enough to permit the entry of trucks and that the openings were not capable of being closed. The Court stated:

> It also appears not to be designed for the security of its contents or occupants inasmuch as it is permanently open for entrance and exit of persons and trucks. To hold that a structure of the design shown here is a building within the definition in Sec. 30.01, supra, would expand the scope of structures which may be the object of burglary to include open air stages with three walls and a roof, or open carports with walls on both sides but none on the ends, or even four-columned pavilions with no walls. The structure here is no more an enclosed structure than the examples just listed.

The 14–inch space between the surface of the lake and the garage door is similar to the open space in *De Albuquerque v. State*, 712 S.W.2d 809 (Tex.App.—Houston [1st Dist.] 1986, no pet'n). In *De Albuquerque*, the defendant climbed over the counter and protective shield of the Airport Exchange Company "booth" which was located on the second floor of the Houston Intercontinental Airport. There was a clearance of 2 to 3 feet between the top of the shield and the roof of the structure. The court held that the booth was a "building."

The Court in *Ellett v. State*, 607 S.W.2d 545 (Tex.Cr.App.1980), while distinguishing *Day*, held that "storage" constitutes a "use" within the scope of Section 30.01(2)

and that an old vacant hotel containing broken windows was a "building" within the contemplation of the burglary statute. The court noted that the "building" in *Ellett* was not designed with "large permanent openings" as was the structure in *Day*.

The boathouse was "used" for storage. The garage doors were closed and locked. The boathouse was designed as an "enclosed structure" to secure the owner's boat and property. The fact that the boathouse floats on the surface of the lake does not prevent the structure from being a building as defined in Section 30.01(2). We hold that the boathouse is a "building" within the meaning of Section 30.01(2) even though it was possible to swim under the styrofoam barrels and the second garage door. See also, *Johnson v. State*, 664 S.W.2d 420 (Tex.App.—Amarillo 1983, pet'n ref'd, untimely filed); *Evans v. State*, 677 S.W.2d 814 (Tex.App.—Fort Worth 1984, no pet'n). Appellant's first point of error is overruled.

█ In his second point of error, appellant argues that the trial court erred in failing to include in the penalty phase charge an instruction to the jury not to consider parole or the amount of time the appellant would have to serve on any penitentiary sentence before being eligible for parole. Appellant also urges in his third point of error that the record establishes that the jury improperly discussed parole which increased his punishment.

The trial court did not include in the charge any instruction regarding parole as provided in TEX.CODE CRIM.PRO. art. 37.07, sec. 4 (Vernon Supp.1988), and the charge in no way mentioned or alluded to parole.[1] The trial court instructed the jury "not to refer to or discuss any matter or issue not in evidence."

█ Three jurors testified that no member of the jury professed to know the law relating to parole.[2] The jurors also testi-

---

1. The Court of Criminal Appeals recently held that the parole instruction in TEX.CODE CRIM. PRO.ANN. art. 37.07, sec. 4 (Vernon Supp.1988) is unconstitutional. *Rose v. State* (No. 193–87,

Tex.Cr.App., November 12, 1987) (not yet reported).

2. The competency of the three jurors to testify under TEX.R.CIV.EVID. 606(b) as to the validity

fied that there was some discussion to the effect that appellant would probably not remain in prison for the full 50 years. However, the evidence before the jury concerning appellant's previous criminal record made it clear that appellant had not remained in prison for the full term of his previous prison sentences.

Both appellant and the State cite *Sneed v. State*, 670 S.W.2d 262 (Tex.Cr.App.1984), which holds that before a jury's discussion of the parole law constitutes reversible error, it must be shown that there was:

(1) a misstatement of the law

(2) asserted as a fact

(3) by one professing to know the law

(4) which is relied upon by other jurors

(5) who for that reason changed their vote to a harsher punishment.

Appellant has failed to meet the *Sneed* test. Appellant's second and third points of error are overruled.

■ In his fourth point of error, appellant argues that the trial court erred in overruling his motion to quash the indictment because the indictment failed to give notice as to what property was taken and failed to state the name of the individual from whom he appropriated the property during the burglary. We disagree.

TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974) provides that a person commits burglary if, without the effective consent of the owner, he "enters a building or habitation and commits or attempts to commit a felony or theft." The indictment alleges that appellant entered the building without the effective consent of the owner and "did attempt to commit and commit theft."

The Court in *Davila v. State*, 547 S.W.2d 606 (Tex.Cr.App.1977), stated:

We hold that an indictment charging burglary under V.T.C.A. Penal code, Sec. 30.02(a)(3) may allege that the accused committed theft or a named felony; or attempted to commit theft or a named felony; or it may allege each of the essential elements of theft or the felony in question.

of the verdict is not raised on appeal.

In *Mixon v. State*, 632 S.W.2d 836 (Tex. App.—Dallas 1982, pet'n ref'd), the defendant was indicted for burglary under TEX. PENAL CODE ANN. sec. 30.02(a)(1) (Vernon 1974); and it was alleged that the entry was made with the intent to commit the specific felony of rape. The defendant urged that the trial court erred in overruling his motion to quash the indictment for its failure to name the victim of the rape. The Dallas court stated:

For the offense of burglary it is not necessary to allege the elements of the theft or felony when the name of the specific offense given by the legislature is alleged. *Ex parte Cannon*, 546 S.W. 2d 266 (Tex.Cr.App.1976); see *Ex parte Donohue*, 602 S.W.2d 265, 266 (Tex.Cr. App.1980); *Gonzales v. State*, 517 S.W. 2d 785 (Tex.Cr.App.1975).

\* \* \* \* \* \*

An indictment must allege facts sufficient to give a defendant notice of precisely what he is charged. TEX.CODE CRIM.PRO.ANN. art 21.11 (Vernon 1966). However, as noted in *May v. State*, 618 S.W.2d 333 (Tex.Cr.App.1981):

[U]nless a fact is essential for notice to the defendant, the indictment need not plead the evidence relied on by the State, *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980), *Cameron v. State*, 401 S.W.2d 809 (Tex.Cr.App. 1966), *Bedwell v. State*, 142 Tex.Cr.R. 599, 155 S.W.2d 930 (1941), and it is a rare exception when an indictment drawn in the language of the penal statute is legally insufficient to provide a defendant with notice of the charged offense. *Phillips v. State*, supra; *Parr v. State*, 575 S.W.2d 522 (Tex.Cr. App.1978); *Ames v. State*, 499 S.W.2d 110 (Tex.Cr.App.1973); *Lopez v. State*, 494 S.W.2d 560 (Tex.Cr.App.1973).

At 341. We decline to find appellant's indictment drawn in the language of the penal statute to be a "rare exception" to this rule.

Burglary as alleged in appellant's indictment is defined in TEX.PENAL

CODE ANN. sec. 30.02(a)(1), in part provides:

> (a) A person commits an offense if, without the effective consent of the owner, he:
>
> (1) enters a habitation, ... with intent to commit a felony of theft;

The additional information requested by appellant in his motion to quash, the rape victim's name, is evidentiary and not required for the purposes of notice or plea in bar.

Appellant cites *De Vaughn v. State*, 678 S.W.2d 143 (Tex.App.—San Antonio 1984, pet'n granted), which supports his position that the trial court erred in overruling his motion to quash the indictment. We disagree with the holding in *De Vaughn* and point out that the State's motion for discretionary review was granted and that the case is presently pending before our Court of Criminal Appeals.

Furthermore, the instant case was tried after *Adams v. State*, 707 S.W.2d 900 (Tex. Cr.App.1986). In *Adams*, the Court announced the test to be applied when a defendant objects to a defect concerning the notice provided by a charging instrument:

> The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of "notice". If sufficient notice is given, this ends our inquiry. If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact.

Even if the indictment failed to convey a requisite item of "notice," the appellant has failed to show, in the context of this case, that the omission of the requested information had any impact on his ability to prepare a defense. Appellant's defense was that the juvenile was lying and that the juvenile alone entered the boathouse and stole the property. Appellant presented an alibi defense: he was in town when the offense was allegedly committed at the lake. The indictment's failure to name the property taken and the owner of the stolen property in no way affected appellant's defense at trial. It is clear beyond a reasonable doubt that, even if the trial court erred in overruling appellant's motion to quash the indictment, such error made no contribution to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2).

The judgment of the trial court is affirmed.