L. A. Scroggins v. The State.

No. 12707.   Delivered November 6, 1929.

The opinion states the case.

*Jas. A. Gowdy* of Olton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Offehse, unlawfully passing as true a forged instrument in writing; penalty, two years in the penitentiary.

The State's Attorney before this Court has filed a motion to dismiss the appeal because the caption of the transcript fails to show the date of adjournment of the trial term of court at which conviction was had. This has been held indispensably necessary in many cases. Mandosa v. State, 88 Tex. Crim. Rep. 84; Lowery v. State, 92 Tex. Crim. Rep. 311; Davis v. State, 88 Tex. Crim. Rep. 183. The motion to dismiss the appeal must be granted under these authorities.

State's motion granted and appeal dismissed.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

OPINION ON MOTION TO REINSTATE APPEAL.

· MARTIN, JUDGE.—The caption to the transcript mentioned in the original opinion has been corrected so as to show the date of adjournment of the Court. The appeal is accordingly reinstated and will be considered on its merits.

The testimony for the State shows that appellant presented to the First National Bank of Littlefield a check for $385.00, drawn on the First National Bank of Plainview, payable to L. A. Scroggins, and purporting to be signed by one F. C. Carter. Proper credit was given appellant for this check and some fifteen days later it was discovered that the drawer of the check had no funds in the drawee bank and had never been heard of either in Plainview or in Lamb County. The handwriting indicated it had been signed by appellant. Appellant, testifying for himself, claimed the check in question was given for cattle; that Carter was a cattle buyer whom he had not seen before the date of the check and had not been able to find since.

The indictment in the instant case was filed on December 7, 1928. Court adjourned without the trial of appellant until the May term, 1929. In the meantime the Legislature ·changed the term of court for Lamb County so that it met in February instead of May, a fact which appellant's counsel seems to have known about a week before the meeting of the February term of court. No witnesses were subpoenaed by appellant from December 7, until the day court met, which was the 25th day of February, 1929. He announced ready for trial without any witnesses. After being convicted, he filed a vigorous motion for new trial because the trial was had without his witnesses and he here argues that equity and justice demand that his case be reversed so that he can have the benefit of their testimony. Appellant's counsel seems to have the belief, apparently quite common, that this Court is vested with discretion to reverse or affirm any case. We are bound by precedents, by legislative enactments and by constitutional provisions. To knowingly fail to follow these is not only to violate our oath but to usurp power not given to us. It may be that appellant's lawyer had been negligent as is now argued but we have no authority to reverse upon any such ground and it seems idle to discuss it and we mention. this only because of the insistance that although the statute has not been fol-

lowed and although the law may not expressly authorize it, we ought to do so as a matter of justice and equity. We are not vested by law with any such broad powers.

Believing the evidence sufficient and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.