Abdelkrim BELACHHEB, Appellant,

v.

The STATE of Texas, State.

Nos. 2–85–024–CR to 2–85–030–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 14, 1985.

---

Jackson, Sorrels, Shapiro & Anton, and
Frank Jackson and Bruce Anton, Dallas,
for appellant.

Henry Wade, Dist. Atty., and John D. Nation and Wm. Randell Johnson, Asst. Dist. Attys., Dallas, for the State.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

OPINION

ASHWORTH, Justice.

This is an appeal from a conviction of six counts of murder and one count of attempted murder. TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974). Appellant entered pleas of not guilty by reason of insanity to all seven offenses. In a trial before a jury appellant was found guilty on all counts and assessed six life sentences, one sentence of 20 years confinement and seven $10,000.00 fines.

We affirm.

A review of the facts is necessary to clarify some of appellant's five grounds of error. On the evening of June 29, 1984, appellant was at Ianni's Restaurant in Dallas. According to the testimony of Dr. Harold Gill King, appellant told him that, while he was inside the restaurant, a woman with whom appellant had had a relationship (Ford) pulled appellant's hair, told him that she would see that he did not get the job he wanted and said, "I cannot believe that I made love to a monkey like you." Ford then pushed appellant away and blew him a kiss. Appellant left, but returned shortly with a gun. Appellant shot everyone seated at the bar, killing six and wounding one. At trial, appellant entered pleas of not guilty by reason of insanity to all offenses.

■ Appellant's first ground of error asserts that the trial court abused its discretion in appointing Dr. James P. Grigson as a disinterested expert. The State filed a pre-trial motion requesting appointment of a psychiatrist under TEX.CODE CRIM. PROC.ANN. art. 46.03, sec. 3(a) (Vernon 1979). At the hearing on this motion, appellant was quick to object to the proposed appointment of Dr. Grigson. The trial court overruled the objection and appointed Dr. Grigson and Dr. E. Clay Griffith to examine the appellant. Appellant contends that Dr. Grigson's reputation is so bad and his bias so obvious that any trial court which appoints him is guilty of an abuse of discretion. We note that, although appellant immediately objected to the appointment of Dr. Grigson, he did not perfect a bill of exception or proffer proof to show why Dr. Grigson was not qualified as an expert. Under such circumstances, we cannot consider new evidence on appeal. *See Passmore v. State*, 617 S.W.2d 682, 685 (Tex.Crim.App.1981). In the interest of justice, however, we shall try to identify and respond to appellant's contentions as we understand them.

Appellant cites four cases which he says give judicial support to his claim that Dr. Grigson is biased and unqualified.[1] We have reviewed the cited cases, and find they are not applicable. The federal cases held that Dr. Grigson could not testify as to "dangerousness" unless the State first notified defense counsel and unless the defendant was informed of his right not to be interviewed, but they did not say that Dr. Grigson was unqualified as an expert.

■ Appellant's contention is that Dr. Grigson is neither disinterested nor an expert and thus he is not a qualified witness under TEX.CODE CRIM.PROC.ANN. art. 46.03, sec. 3(a) (Vernon 1979). Whether a witness offered as an expert possesses the required qualifications, however, is a question which rests largely within the discretion of the trial court, and the decision to admit or exclude the proposed testimony will not be disturbed unless a clear abuse of discretion is shown. *Steve v. State*, 614 S.W.2d 137, 139 (Tex.Crim.App.1981); *Bueno v. State*, 501 S.W.2d 339, 341 (Tex.Crim. App.1973).

---

1. *Smith v. Estelle*, 602 F.2d 694 (5th Cir.1979); *Bruce v. Estelle*, 536 F.2d 1051 (5th Cir.1976); *Smith v. Estelle*, 445 F.Supp. 647 (N.D.Tex.1978);

*Holloway v. State*, 613 S.W.2d 497 (Tex.Crim. App.1981).

■ Dr. Grigson testified that he had received an M.D. degree; he spent three years in an approved psychiatric residency training program; he has been in private practice for about 17 years, and he is certified by the American Board of Neurology and Psychiatry. We are of the opinion that no abuse of discretion appears from the record. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in refusing to allow defense counsel to inform the prospective jurors of the consequences of a verdict of not guilty by reason of insanity. Appellant argues that it is a denial of the effective assistance of counsel and a denial of due process to so restrict his counsel's voir dire inquiry such that he is unable to inform the panel of the consequences of an insanity verdict and further unable to ascertain whether the consequences would affect the jurors' deliberations.

TEX.CODE CRIM.PROC.ANN. art. 46.-03, sec. 1(e) (Vernon Supp.1985) specifically prohibits the defendant's attorney from informing a prospective juror of the consequences to the defendant if a verdict of not guilty by reason of insanity is returned. Before the enactment of this statute, several cases had already held that this information was not for the jury's ears at *any* stage of the trial. *Holder v. State,* 643 S.W.2d 718, 721 (Tex.Crim.App.1982); *Granviel v. State,* 552 S.W.2d 107, 122 (Tex.Crim.App.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977); *Finch v. State,* 638 S.W.2d 215, 217–18 (Tex.App.—Fort Worth), *pet. dism'd,* 643 S.W.2d 415 (Tex.Crim.App.1982).

The Texas Court of Criminal Appeals has consistently held that the trial court has wide discretion over the course of the voir dire of the jury panel. *See, e.g., Smith v. State,* 676 S.W.2d 379, 384 (Tex.Crim.App. 1984); *Garcia v. State,* 581 S.W.2d 168, 176 (Tex.Crim.App.1979). The determination of abuse of discretion by a trial court, of necessity, must be made on a case by case basis to ascertain whether the defendant

has been harmed by the restriction of his voir dire.

■ In the instant case the appellant's counsel conducted a thorough and professional voir dire. All of the veniremen who eventually became members of the jury were thoroughly examined. The appellant's attorney never formally *requested* permission to inform the potential jurors of the consequences of an insanity verdict or objected to not being allowed to do so. Under these circumstances, we hold that the trial judge did not abuse his discretion by restricting the voir dire of the appellant, nor did it cause the appellant to receive ineffective assistance of counsel or deny him due process of law. Accordingly, we overrule appellant's second ground of error.

Appellant's third ground of error complains of the action of the trial court in permitting a witness to testify in violation of the rule. The witness was called to rebut the testimony of appellant's wife, and her presence in the courtroom during that testimony was unknown to the prosecuting attorney, who had never met the witness.

■ The Texas statute places the enforcement of the rule of evidence within the discretion of the trial court. TEX. CODE CRIM.PROC.ANN. art. 36.04 (Vernon 1981). The exercise of this discretion will not be reversed on appeal except in cases of clear abuse. *Green v. State,* 682 S.W.2d 271, 294 (Tex.Crim.App.), *cert. denied,* — U.S. —, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1984); *Brown v. State,* 523 S.W.2d 238, 241 (Tex.Crim.App.1975). We do not find that under the circumstances appellant has shown a clear abuse of discretion and overrule ground of error three.

In his ground of error four, appellant complains that the trial court erred in denying his motion for mistrial when the prosecutor commented upon the weight to be given a witness's testimony. Specifically, appellant complains about the following interchange:

PROSECUTOR: And by whom were you requested to see Mr. Belachheb?

GRIGSON: The Honorable Judge Gerry Meier of this court.

PROSECUTOR: I didn't hire you to see him?

GRIGSON: No, sir, you didn't.

DEFENSE COUNSEL: Your Honor, I'm going to object to that. That's a direct comment on the weight of the evidence.

THE COURT: Sustained.

DEFENSE COUNSEL: And ask the jury be instructed to disregard that statement.

THE COURT: [Gives instruction.]

\* \* \* \* \* \*

DEFENSE COUNSEL: And at this time, your Honor, move for mistrial.

THE COURT: Your motion is denied.

■ Without reaching the question whether the foregoing constituted an impermissible comment on the weight of the evidence in violation of TEX.CODE CRIM. PROC.ANN. art. 38.05 (Vernon 1979), we hold that any error resulting from the question complained of was rendered harmless by the trial court's action in sustaining the objection and instructing the jury to disregard. *See Coe v. State*, 683 S.W.2d 431, 436 (Tex.Crim.App.1984); *Carter v. State*, 614 S.W.2d 821, 825 (Tex.Crim.App. 1981). Appellant's fourth ground of error is overruled.

In his final ground of error, appellant contends that the trial court erred by refusing to submit a charge on the lesser included offense of voluntary manslaughter. The charge was given in the case involving Ford and in one other case, but appellant asserts that it should have been given in all six murder cases. Appellant bases his argument on the "transferred intent" statute, TEX.PENAL CODE ANN. sec. 6.04(b) (Vernon1974), which provides:

(b) A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that:

(1) a different offense was committed; or

(2) a different person or property was injured, harmed, or otherwise affected.

Appellant apparently maintains that the "adequate cause" provided by one victim should be transferred to the other victims so that six acts of murder can all be reduced to voluntary manslaughter by one victim's act of provocation. *See* TEX.PENAL CODE ANN. sec. 19.04 (Vernon 1974). This contention is without merit.

■ First, it is a misnomer to call TEX. PENAL CODE ANN. sec. 6.04 (Vernon 1974) a "transferred intent" statute. Article 6 of the Texas Penal Code generally and sec. 6.04 specifically deal with *criminal responsibility*. The focus of the statute is on the conduct of the defendant. It in no way pertains to any acts of the victim. Thus, we find that TEX.PENAL CODE ANN. sec. 6.04 (Vernon 1974) cannot be applied in the manner urged by appellant.

■ Secondly, the voluntary manslaughter statute on *its* face applies only when there is evidence of "provocation by the individual killed or another acting with the person killed." TEX.PENAL CODE ANN. sec. 19.04(b) (Vernon 1974). In the instant case, there is absolutely no evidence that any of the victims were working together to provoke appellant. There was therefore no reason to submit a voluntary manslaughter charge to the jury except for the two cases in which such charge was given. *See Salinas v. State*, 644 S.W.2d 744, 745 (Tex.Crim.App.1983). Appellant's fifth ground of error is overruled, and all judgments against him are affirmed.

Judgments affirmed.