NO. 07-10-00430-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 28, 2012

JOHN K. LOCKARD, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419,440; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, John K. Lockard, appeals his conviction for murder and resulting ninety-seven-year sentence. On appeal, he complains that the trial court violated his rights to due process and due course of law by refusing to answer a jury question regarding consequences of a verdict of not guilty by reason of insanity. We will affirm.

Factual and Procedural History

On March 1, 2008, appellant called 911 to report that he had shot his ninety-four-year-old grandfather in the head with a shotgun. Appellant raised the defense of insanity at his murder trial. The jury heard evidence that, as appellant grew into an

adult, he began to display erratic, unusual behavior and that, in the days preceding the shooting, he had become increasingly paranoid and delusional. In fact, his mother testified that, on the morning of the shooting, he had displayed strange, confused behavior. Appellant presented evidence that he had been diagnosed with psychotic disorder. The jury also heard evidence concerning the history of mental illness in appellant's family. Appellant testified that he had not slept the night before the shooting and, at the time of the shooting, felt as though he were in a dream-like, disconnected state of mind in which his memories are disjointed and blurred.

About one-half hour after the jury heard all the evidence and retired to deliberate, it sent a note out to the trial court, asking as follows: "[T]he Jury would like to inquire as to the disposition of Mr. Lockard if we find him not guilty by reason of insanity, if possible." The trial court responded as follows: "Members of the jury, I cannot answer the question that you've asked other than to refer you to the Court's Charge." Defense counsel acknowledged the statutory basis for the trial court's refusal to provide the jury with the substantive law on disposition in the event the jury found appellant not guilty by reason of insanity, but he lodged an objection that the governing provision denied appellant due process and due course of law. The trial court overruled appellant's objection, and the jury deliberated two more hours before returning its guilty verdict.

On appeal, appellant reiterates his position. He advances his position in one issue: whether appellant was denied due process and due course of law when the trial court refused to answer the jury's note with substantive law regarding the civil

2

commitment procedures to be followed in the event the jury returned a verdict of not guilty by reason of insanity.

Standard of Review and Applicable Law

Due Process and Due Course of Law Challenges

We review the constitutionality of a criminal statute *de novo* as a question of law. See Owens v. State, 19 S.W.3d 480, 483 (Tex.App.—Amarillo 2000, no pet.). When reviewing the constitutionality of a statute, we presume that the statute is valid and that the Legislature did not act arbitrarily and unreasonably in enacting the statute. See Rodriguez v. State, 93 S.W.3d 60, 69 (Tex.Crim.App. 2002) (applying presumption "that the legislature acted in a constitutionally sound fashion"). A party challenging the statute bears the burden of showing that, in its operation, the challenged statute was unconstitutional as applied to him. Id.; see State ex rel. Lykos v. Fine, 330 S.W.3d 904, 910 (Tex.Crim.App. 2011). In the absence of evidence supporting the challenge, the presumption of constitutional validity remains in force. Eguia v. State, 288 S.W.3d 1, 11 (Tex.App.—Houston [1st Dist.] 2008, no pet.) (citing Rodriguez, 93 S.W.3d at 69, and Vuong v. State, 830 S.W.2d 929, 941 (Tex.Crim.App. 1992)).

Due process requires only that the most basic procedural safeguards are observed. Patterson v. New York, 432 U.S. 197, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). "States have considerable expertise in matters of criminal procedure," and it is, therefore, appropriate to exercise "substantial deference to legislative judgments in this area." Herrera v. Collins, 506 U.S. 390, 407, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (quoting Medina v. California, 505 U.S. 437, 445–46, 112 S.Ct. 2572, 120 L.Ed.2d 353

3

(1992)). The State has the power to regulate the procedures under which laws are to be carried out without violating the Due Process Clause, unless it offends some principle of justice so deeply rooted in the traditions and conscience of our people as to be ranked as fundamental. See Patterson, 432 U.S. at 201–02. In the field of criminal law, the U.S. Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly" based on the recognition that, "[b]eyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." Medina, 505 U.S. at 443 (quoting Dowling v. United States, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)).

Disposition of Appellant Upon Verdict of Not Guilty by Reason of Insanity

The Texas Code of Criminal Procedure provides very specific procedures to be followed in the event a defendant is found not guilty by reason of insanity. See TEX. CODE CRIM. PROC. ANN. arts. 46C.155–.270 (West 2007). Article 46C.154, however, prohibits disclosure of these procedures to the jury:

> The court, the attorney representing the state, or the attorney for the defendant may not inform a juror or a prospective juror of the consequences to the defendant if a verdict of not guilty by reason of insanity is returned.

Id. art. 46C.154 (West 2007).

Though appellant appears to challenge the propriety of the trial court's refusal to provide the jury with the substantive law regarding disposition in the event of a verdict of not guilty by reason of insanity, he seemingly acknowledges that the trial court's response to the jury's question was governed and limited by article 46C.154. His

4

contentions on appeal focus, instead, on a challenge to the constitutionality of article 46C.154 as it applies here when it prohibited the trial court from issuing a supplemental charge in response to the jury's question. As we read appellant's issue, he complains that, by precluding the trial court's supplemental instruction regarding disposition upon a finding of not guilty by reason of insanity, article 46C.154 operated to deny appellant's rights to due process and due course of law.

Prior Constitutional Challenges

Article 46C.154's predecessor[1] withstood similar challenges, most notably in Robison v. State, 888 S.W.2d 473 (Tex.Crim.App. 1994), cert. denied, 515 U.S. 1162, 115 S.Ct. 2617, 132 L.Ed.2d 859 (1994), and Zwack v. State, 757 S.W.2d 66 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

In Zwack, the appellant attacked the constitutionality of that portion of former article 46.03 which, like article 46C.154, prohibited the trial court, prosecutor, and defense counsel from informing a juror or prospective juror of the consequences to the accused if a verdict of not guilty by reason of insanity is returned. See Zwack, 757 S.W.2d at 69. More specifically, he complained of "the failure of the trial court to answer an inquiry from the jury as to the consequences" of such a verdict. Id. In support of his position, Zwack argued that article 46.03 denied him fundamental fairness and urged

---

[1] Article 46C.154's predecessor, article 46.03, section 1(e), similarly provided as follows:

> The court, the attorney for the state, or the attorney for the defense may not inform a juror or a prospective juror of the consequences to the defendant if a verdict of not guilty by reason of insanity is returned.

the court to adopt the rationale of Lyles v. United States, 254 F.2d 725 (D.C. Cir. 1957). See Zwack, 757 S.W.2d at 69.

In addressing appellant's contentions, the Zwack court first noted that it was unable to "discern any constitutional infirmity in the statute" and that Zwack had "not supported his contention with convincing argument." Id. The court went on to observe that, even before the enactment of the provision at issue, Texas courts have consistently held that the statutes prescribing the disposition of a defendant found not guilty by reason of insanity are "a guideline for the court and not for the jury's consideration." Id.[2] The Zwack court continued, distinguishing the basis for the Lyles decision: "[T]he rule announced by the District of Columbia Circuit Court of Appeals in Lyles was not based upon constitutional principles but upon its rule-making authority." See Zwack, 757 S.W.2d at 69. Finally, the court deferred to the Legislature on this matter of public policy. See id.

About six years later, the Texas Court of Criminal Appeals addressed the same contention. See Robison, 888 S.W.2d at 476–77. Based on the rules applied in other jurisdictions, Robison complained "that failure to instruct the jury on the consequences of a finding of not guilty by reason of insanity violates his constitutional right to due course of law and due process under article 1, section 19 of the Texas Constitution and

---

[2] Citing Holder v. State, 643 S.W.2d 718, 721 (Tex.Crim.App. 1982); Granviel v. State, 552 S.W.2d 107, 122 (Tex.Crim.App. 1976); Belachheb v. State, 699 S.W.2d 709, 712 (Tex.App.—Fort Worth 1985, pet. ref'd); Heflin v. State, 640 S.W.2d 58, 60 (Tex.App.—Austin 1982, pet. ref'd); Finch v. State, 638 S.W.2d 215, 217–18 (Tex.App.—Fort Worth), pet. dism'd, 643 S.W.2d 415 (Tex.Crim.App. 1982) (per curiam).

the Fifth and Fourteenth Amendments of the United States Constitution." See id. at 476. Both Robison and the Robison court acknowledged the issue raised was identical to the issue addressed in Zwack. Id. at 477. Ultimately, however, because the cases upon which Robison relied did not address the issue in constitutional terms, the Robison court declined to reach the constitutional challenge.[3] Id. at 476–77.

Like Zwack, Robison urged the Texas Court of Criminal Appeals to adopt the rationale of Lyles. Robison, 888 S.W.2d at 477. After explaining the reasoning in Lyles and acknowledging that its "rationale for providing such an instruction is persuasive," the Robison court concluded that, simply because the approach advanced by Robison was adopted in other jurisdictions, the contrary position was not necessarily a violation of Robison's right to due process or due course of law: "[W]e fail to see where the policy decisions of our sister courts throughout the union are ever raised to the level of a due process right or a due course of law right." Id. In overruling Robison's point of error, the court expressly agreed with the opinion in Zwack and, as did the Zwack court, deferred to the Legislature where it had spoken on such matters. Robison, 888 S.W.2d at 477.

Dealing again with a challenge to article 46C.154's predecessor, the Texas Court of Criminal Appeals briefly revisited the issue a few years later only to reaffirm–and arguably clarify–its holdings in Robison:

---

[3] Although the Texas Court of Criminal Appeals did not engage in an extensive analysis of Robison's contentions in terms of constitutional rights, the same defendant later brought a federal habeas corpus proceeding raising the same constitutional challenge. See Robison v. Johnson, 151 F.3d 256 (5th Cir. 1998). The Fifth Circuit Court of Appeals held that Robison failed to make a substantial showing of a denial of the claimed constitutional right. Id. at 268.

The Texas Legislature has clearly stated that no party, including the trial court, may inform a juror or a prospective juror of the consequences to the defendant if a verdict of not guilty by reason of insanity is returned. In denying similar contentions from other appellants, we have held that Article 46.03, § 1(e), does not violate the Constitution and that informing the jury of the consequences of finding a defendant not guilty by reason of insanity is a policy matter exclusively within the purview of the Legislature.

Moore v. State, 999 S.W.2d 385, 404–05 (Tex.Crim.App. 1999) (internal citations omitted) (citing Robison in support of conclusion that section 1(e) of former article 46.03 did not run afoul of constitutional protections); see Dial v. State, No. 03-98-00040-CR, 1999 Tex. App. LEXIS 3366, at *22–25 (Tex.App.—Austin May 6, 1999, pet. ref'd).

Nature of Appellant's Issue on Appeal

When the trial court responds substantively to a question the jury asks during deliberations, that communication essentially amounts to a supplemental jury instruction, and the trial court must follow the same rules for impartiality and neutrality that generally govern jury instructions. Lucio v. State, 353 S.W.3d 873, 875 (Tex.Crim.App. 2011); Daniell v. State, 848 S.W.2d 145, 147 (Tex.Crim.App. 1993). Appellant attempts to distinguish Zwack and Robison by characterizing those cases as dealing with denial of a jury instruction and the instant case as one dealing with the trial court's failure to answer a jury note. However, in response to the jury note, appellant sought and was denied what is effectively a supplemental jury instruction, the trial court's refusal of which is, then, the functional equivalent of the denial of a supplemental jury instruction. See Earnhart v. State, 582 S.W.2d 444, 450 (Tex.Crim.App. 1979) (concluding that "referral to the original charge is not considered an additional instruction"). So, while appellant attempts to distinguish the issues in Zwack and

8

<u>Robison</u> from the issue he raises, we find no discernible basis for such a distinction and find guidance from both cases.[4]

Analysis

We are persuaded and bound by <u>Zwack</u> and <u>Robison</u>, respectively. To the extent <u>Robison</u> addressed the issues raised in the instant appeal, we are "bound by the precedent of the Texas Court of Criminal Appeals and [have] no authority to disregard or overrule" it. <u>See</u> <u>Bolen v. State</u>, 321 S.W.3d 819, 828 (Tex.App.—Amarillo 2010, pet. ref'd) (quoting <u>Sierra v. State</u>, 157 S.W.3d 52, 60 (Tex.App.—Fort Worth 2004), <u>aff'd</u>, 218 S.W.3d 85 (Tex.Crim.App. 2007)). We only limit <u>Robison</u>'s binding effect "to the extent" it applies because the <u>Robison</u> court expressly declined to reach the constitutional issues.

However, <u>Robison</u> does touch on an issue central to the constitutional issues raised here: "[W]e fail to see where the policy decisions of our sister courts throughout the union are ever raised to the level of a due process right or a due course of law right." <u>Robison</u>, 888 S.W.2d at 477.[5] That is, <u>Robison</u> concluded that reliance on contrary positions from other jurisdictions does not elevate the right at issue here to fundamental fairness, the denial of which could serve as a denial of due process or due

---

[4] Further, we note that <u>Zwack</u> specifically dealt with "the failure of the trial court to answer an inquiry from the jury as to the consequences" of a verdict of not guilty by reason of insanity. <u>Zwack</u>, 757 S.W.2d at 69.

[5] Further, as we have noted, it would appear the Texas Court of Criminal Appeals itself has read <u>Robison</u> to, at a minimum, have a bearing on constitutional issues. <u>See</u> <u>Moore</u>, 999 S.W.2d at 404–05; <u>Bigby v. State</u>, 892 S.W.2d 864, 889 (Tex.Crim.App. 1994).

course of law.  See id.  Likewise, we are not persuaded that the application of article 46C.154 operated here to deprive appellant of fundamental fairness.  See Medina, 505 U.S. at 443; Patterson, 432 U.S. at 201–02.  We recognize and respect the basis upon which appellant seeks a change in this area of the law.  However, like the Robison court, we observe that simply because other jurisdictions have taken a contrary position on this issue does not mean that the position adopted in Texas deprives appellant of fundamental fairness.  See Robison, 888 S.W.2d at 477.  Article 46C.154, as the trial court applied it here, does not "offend[] some principle of justice so deeply rooted in the traditions and conscience of our people as to be ranked as fundamental."[6]  See Patterson, 432 U.S. at 201–02.

Further, we find guidance from both Zwack's and Robison's deference to the Legislature on this matter: should there be the need or call for a change in the policy on this particular issue, that change should be analyzed and implemented by the Legislature, if at all.  See Robison, 888 S.W.2d at 477; Zwack, 757 S.W.2d at 69.  We must begin with the presumption that a challenged provision is valid and the Legislature did not act arbitrarily or unreasonably by enacting it, and appellant's contentions have not overcome that presumption.  See Rodriguez, 93 S.W.3d at 69.  Having concluded that appellant has failed to establish that the trial court applied the mandatory prohibition of article 46C.154 in a manner that deprived appellant of fundamental fairness, we overrule appellant's issue on appeal.

_____

[6] In fact, we note that article 46C.154 and the trial court's adherence to it here are consistent with the recognized notion that a jury should not be concerned with the consequence of its verdict.  See Patterson v. State, 654 S.W.2d 825, 827 (Tex.App.—Dallas 1983, pet. ref'd).

Conclusion

Having overruled appellant's issue, we affirm the trial court's judgment of conviction.

Mackey K. Hancock
Justice

Publish.