

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00157-CR

JAMES MARK BAKER                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1303114D

----------

## MEMORANDUM OPINION AND JUDGMENT[1]

----------

Appellant James Mark Baker appealed his conviction and four-year sentence for the offense of aggravated assault with a deadly weapon. Appellant subsequently filed a motion in which he requested, among other relief, to withdraw his appeal. We grant his motion to dismiss his appeal.

---

[1]*See* Tex. R. App. P. 47.4.

## Procedural Background

On February 24, 2014, Appellant entered an open plea of guilty to the offense of aggravated assault with a deadly weapon. A "Presentence Investigation Report" was prepared and, at the April 14, 2014, sentencing hearing, Appellant asked for deferred adjudication. The trial court, however, took a different tack, found Appellant guilty, and sentenced him to imprisonment for four years.

On April 21, 2014, Appellant filed a pro se notice of appeal. The trial court appointed Ronald Couch as appellate counsel on May 1, 2014. Appellant subsequently, on May 9, 2014, filed a motion to dismiss his appointed counsel and, effectively, to proceed pro se.[2] On May 12, 2014, this court abated the appeal to have the trial court determine if Appellant wanted to proceed pro se and, if so, to admonish him of the dangers and disadvantages of self-representation in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975), and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court conducted a hearing on May 19, 2014, and the reporter's record of that hearing was filed in this court on June 10, 2014. On June 18, 2014, this court granted Appellant's motion to dismiss appointed counsel and allowed Appellant to proceed pro se in his appeal.

---

[2]Appellant filed an identical motion on May 13, 2014.

Meanwhile, Appellant had other post-trial activity in the trial court. The trial court awarded Appellant credit for time served, and the judgment reflects credit from October 28, 2012, until April 14, 2014. Appellant filed on May 30, 2014, and again on June 9, 2014, a "Motion to Enter Nunc Pro Tunc Order" in which he maintained he was entitled to 533 days of credit. The State filed a response in which it asserted that the time from October 28, 2012, until April 14, 2014, added up to 533 days; therefore, it asked the trial court to deny Appellant's motion for nunc pro tunc relief.[3] By our count, this adds up to 533 days as well.

On May 22, 2014, more than thirty days after he was sentenced, Appellant filed in the trial court "Appellant[']s Trial Brief Specifying Error of Which Appellant Complains on Appeal." Even if this document were construed as a motion for new trial, it would be untimely. A defendant must file a motion for new trial within thirty days of the sentence. Tex. R. App. P. 21.4(a).

Back in the appellate court, the reporter's record was filed on June 26, 2014, and the clerk's record was filed on July 17, 2014. Also on July 17, 2014, Appellant filed a pro se brief, which was simply a copy of "Appellant[']s Trial Brief Specifying Error of Which Appellant Complains on Appeal." In this document,

---

[3]By the time this opinion issues, Appellant will have over twenty-five months of credit for time served. *See* Tex. Gov't Code Ann. § 508.145(d)(1) (West Supp. 2014) (setting out parole eligibility). The three 2013 amendments to this section do not affect this case. Act of May 23, 2013, 83rd Leg., R.S., ch. 1252, § 13, 2013 Tex. Sess. Law Serv. 3168, 3170; Act of May 25, 2013, 83rd Leg., R.S., ch. 1325, § 2, 2013 Tex. Sess. Law Serv. 3516, 3517; Act of May 9, 2013, 83rd Leg., R.S., ch. 126, § 2, 2013 Tex. Sess. Law Serv. 522, 523.

Appellant alleged: (1) the plea agreement was breached because trial counsel told him he would receive probation if he made an open plea; (2) the trial court erred by refusing to give Appellant a hearing on several pro se pretrial motions Appellant had filed concerning his trial counsel's professional misconduct; (3) trial counsel was ineffective because he did not file any motions on Appellant's behalf, did not investigate Appellant's case, and did not give Appellant correct legal advice, and (4) the police used unjustifiable force when shooting him because he never threatened the officer. Appellant concluded his punishment was invalid and, therefore, the judgment should be reversed and the matter remanded to the trial court for a new punishment hearing at which he should be given probation. On July 22, 2014, this court sent Appellant a letter informing him his brief did not comply with numerous rules of the Texas Rules of Appellate Procedure and instructing Appellant to file an amended brief by August 21, 2014.

On August 4, 2014, Appellant filed a letter in this court acknowledging he had received a copy of the clerk's record and reporter's record but stating that he had discovered the reporter's record was missing the "Presentence Investigation Report." Appellant requested the "Presentence Investigation Report" so he could include it in an amended brief. On August 22, 2014, this court issued an order in which it construed Appellant's August 4, 2014, letter as a motion requesting the "Presentence Investigation Report" and granted it. In the same order, this court stated it was delivering a redacted copy of the "Presentence Investigation Report" to Appellant. This order also instructed Appellant to return the redacted

4

"Presentence Investigation Report" to this court by October 20, 2014. Appellant returned the document October 15, 2014.

On September 5, 2014, this court sent Appellant a letter in which it noted Appellant's amended brief was due August 21, 2014, and had not been filed. This court further informed Appellant that unless he filed a motion to extend time to file his amended brief by September 19, 2014, his appeal would be submitted without briefs only for fundamental error pursuant to rule 38.8(b)(4) of the Texas Rules of Appellate Procedure. On September 19, 2014, Appellant filed a motion to extend time. On September 23, 2014, this court granted Appellant's motion and extended the time to file Appellant's amended brief until November 17, 2014.

On October 2, 2014, Appellant filed another motion to extend time to file his brief. Appellant wanted the "Investigator Report" before finishing his amended brief. On October 7, 2014, this court denied Appellant's motion to extend time to file his amended brief as moot because this court's September 23, 2014 order already granted Appellant an extension until November 17, 2014. In the same order, this court denied Appellant's request for an "Investigator Report" because Appellant had already received a complete clerk's record and reporter's record.

On October 17, 2014, Appellant filed a separate request for the "Investigator Report." On October 22, 2014, this court denied his request.

**The Motion under Consideration**

On November 14, 2014, Appellant filed a document in which he states: "I would like to withdraw my Direct Appeal." In the same paragraph of the same document, Appellant states: "Please suspend my Direct Appeal (Tex. R. App. P. 2) until I can afford a[n] appe[llate] attorney and have legal advi[c]e." Appellant further states: "I do not want a[n] appointed appe[llate] attorney. I do not want the 2nd Appe[llate] Court to proceed on fundamental error under Tex. R. App. P. 38.8(b)(4)." Finally, Appellant again requests the "Investigator Report." We construe this document as a motion, as Appellant requests relief of various sorts.

We again deny Appellant's request for the "Investigator Report." Appellant does not show where this document was admitted as evidence at either his plea hearing or his punishment hearing. Our review of the plea and punishment hearings does not show that an "Investigator Report" was admitted. We cannot consider new evidence on appeal. *Belachheb v. State*, 699 S.W.2d 709, 711 (Tex. App.—Fort Worth 1985, pet. ref'd).

We deny Appellant's request to abate his appeal until such time as he is able to hire an attorney under rule 2. *See* Tex. R. App. P. 2. Rule 2 requires good cause, and Appellant has not shown good cause. *See id.* There is no showing of when, if ever, Appellant would be able to hire appellate counsel. On November 26, 2012, Appellant filed an affidavit of indigence and was appointed trial counsel. Appellant has provided us with no reason to believe his financial situation has improved while he has been incarcerated over the last twenty-five

6

months.  The trial court provided Appellant with appointed counsel, but Appellant successfully had his appointed counsel removed.  In the motion under consideration, Appellant still refuses the appointment of appellate counsel.  Appellant has a constitutional right to proceed pro se.  *Robinson v. State*, 387 S.W.3d 815, 820 (Tex. App.—Eastland 2012, no pet.) (citing *Faretta*, 422 U.S. at 821, 95 S. Ct. at 2534).  We will respect his election.

In his motion, Appellant stated he did not want his appeal submitted without briefs for fundamental error as permitted under rule 38.8(b)(4).  Tex. R. App. P. 38.8(b)(4).  We grant Appellant's request not to submit his appeal without briefs pursuant to rule 38.8(b)(4).

We construe Appellant's request to "withdraw his appeal" as a motion to dismiss, grant his motion, and dismiss his appeal.  Tex. R. App. P. 42.2(a).  Appellant has fifteen days from the issuance of this opinion to file a motion for rehearing.  Tex. R. App. P. 9.2, 49.1.

## Conclusion

Having ruled on all the relief requested by Appellant in his November 14, 2014 motion, we dismiss his appeal.  *See* Tex. R. App. P. 42.2(a), 43.2(f).

PER CURIAM

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 11, 2014

7