**Daniel GARCIA, Appellant**

v.

**The STATE of Texas, State**

**NO. 02-15-00315-CR**

Court of Appeals of Texas,
Fort Worth.

DELIVERED: August 25, 2016

Kimberley S. Campbell, for Daniel Garcia.

Debra A. Windsor, John E. Meskunas, for the State of Texas.

For majority opinion, see 2016 WL 4474346.

## CONCURRING OPINION

### LEE ANN DAUPHINOT, JUSTICE

I write separately because the continuous sexual abuse of a child statute[1] that is the basis of Appellant's conviction is a troubling statute. "The commission of two or more acts of sexual abuse over a specified time period—that is, *the pattern of behavior or the series of acts*—is the element as to which the jurors must be unanimous in order to convict."[2] I am a person of normal intellect, despite any suspicions to the contrary, and I do not understand either the scope or the limitations of the statute. Does the indictment merely establish the specified period of time within which the jury members, and consequently we, search for proof of the statutorily included offending acts? Or do the offending acts have to be included in the indictment to count as evidence that supports the verdict? Because the law permits a general verdict,[3] how can we know the members of the jury relied only on those acts alleged in the indictment? Or, perhaps, they are not required to. Maybe they can consider any and all qualifying acts proved to their satisfaction in court, regardless of the allegations in the indictment.

If the State alleges ten qualifying acts in the indictment for continuous sexual abuse, does that mean that the State can prosecute separately acts not specifically enumerated that a defendant also allegedly committed during the time period established by the indictment? Can the State establish a time period in the indictment but then indict separately for acts a defendant allegedly committed but not within the temporal catchment of that indictment? What about the "on or about" language that extends the prosecution's time scope to any qualifying offense committed within the limitations period but before indictment on the section 21.02(b) offense?[4] Of course, there is no traditional limitations period.[5] Only the age of the child provides limitation.[6]

If the qualifying offenses are not offenses and not elements of the offense, but merely manners and means that do not require unanimity,[7] then do they have to be pled at all? Why not just plead that during the thirty-day period, the defendant sexually assaulted one or more children younger than fourteen years of age on two or more occasions? The children's names appear to be surplusage if we rely on case law,[8] as we are required to do.[9]

---

1. Tex. Penal Code Ann. § 21.02(b) (West Supp. 2016).

2. *Pollock v. State*, 405 S.W.3d 396, 405 (Tex. App.–Fort Worth 2013, no pet.).

3. *Kennedy v. State*, 385 S.W.3d 729, 732 (Tex. App.–Amarillo 2012, pet. ref'd), *cert. denied*, ⸻ U.S. ⸻, 134 S.Ct. 681, 187 L.Ed.2d 554 (2013).

4. *See Maldonado v. State*, 461 S.W.3d 144, 152 (Tex.Crim.App.2015).

5. Tex. Code Crim. Proc. Ann. art. 12.01(1)(D) (West Supp. 2016); *Baez v. State*, 486 S.W.3d 592, 595 (Tex.App.–San Antonio 2015, pet. ref'd).

6. *See* Tex. Penal Code Ann. § 21.02(b)(2) (providing that complainant must be younger than

fourteen years old at time of offense); *Baez*, 486 S.W.3d at 595.

7. *See Casey v. State*, 349 S.W.3d 825, 829 (Tex.App.–El Paso 2011, pet. ref'd); *Reckart v. State*, 323 S.W.3d 588, 600–01 (Tex.App.–Corpus Christi 2010, pet. ref'd); *Render v. State*, 316 S.W.3d 846, 857–58 (Tex.App.–Dallas 2010, pet. ref'd) (op. on reh'g), *cert. denied*, 562 U.S. 1243, 131 S.Ct. 1533, 179 L.Ed.2d 348 (2011).

8. *See Gollihar v. State*, 46 S.W.3d 243, 257 (Tex.Crim.App.2001).

9. *See Shook v. State*, 156 Tex.Crim. 515, 244 S.W.2d 220, 221 (1951) (op. on reh'g); *Scroggins v. State*, 113 Tex.Crim. 378, 22 S.W.2d 660, 661 (1929) (op. on reinstatement).

In summary, I do not understand the statute, its extent, or its limitations. I do not understand what the prosecution is required to prove. I do not understand how much specificity a defendant is entitled to. But this statute has been held to be constitutional,[10] and we are bound by that precedent.[11] I am therefore compelled to concur with the majority opinion.

---

10. *See, e.g., Price v. State*, 434 S.W.3d 601, 611 (Tex.Crim.App.2014) (concluding legislature intended to permit just one punishment when continuous sexual abuse is alleged against one complainant "within a specified time frame" and "that this intent extends to the statute's enumerated predicate offenses and to criminal attempts to commit" them); *Pollock*, 405 S.W.3d at 405 (holding statute does not violate constitutional right to jury unanimity).

11. *See Hailey v. State*, 413 S.W.3d 457, 489 (Tex.App.–Fort Worth 2012, pet. ref'd); *Lockard v. State*, 364 S.W.3d 920, 924–25 (Tex. App.–Amarillo 2012, no pet.); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex.App.–Fort Worth 2003, pet. ref'd).